## UNITED STATES v. CHIN SING.

(District Court, D. Oregon. April 8, 1907.)

### No. 4,803.

ALIENS—CHINESE EXCLUSION ACTS—MINOR CHILDREN OF CHINESE MERCHANT.

The fact that a Chinese person, who as shown by the uncontradicted evidence entered the United States in 1898, when a minor 14 or 15 years old, his father being at the time a merchant engaged in business in San Francisco, did not have a certificate under section 6, Act May 6, 1882, c. 126, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307], does not raise any presumption that his entry was unlawful, no such certificates being then required under the decisions of the Supreme Court to entitle the wives and children of Chinese merchants residing in this country to entry.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Aliens, §§ 75, 81.]

James Cole, Asst. U. S. Atty.
R. B. Sinnott, for defendant.

WOLVERTON, District Judge. This is an appeal from the judgment of the United States commissioner directing the deportation of the defendant, a Chinaman, as not being entitled to remain in the United States. The cause has been submitted upon the evidence. It is shown by Chin Sing, the defendant, and one other witness, Chin On, that the defendant entered the United States in the year 1898, and that at that date he was 14 or 15 years old; that his father was a Chinese merchant, engaged in the hardware and Chinese provisions business on Washington street, in San Francisco, and was such merchant, and a resident of San Francisco, at the time the defendant came into the country. The father continued to engage in such business for three years, when he failed, and the business was closed up. The defendant worked in the store after his arrival as a helper, in the way of making sales, wrapping parcels, etc. Later, about 1902, the defendant and Chin On left San Francisco together, and came to Portland, where they have lived ever since.

The defendant states that he came in on a paper furnished by his father, and that none was given to him personally to show his right to enter the United States. The testimony of these witnesses is not discredited in any way, except that the defendant made some statements to the Chinese inspector in charge at this port, at the time of his examination when arrested, in some respects contradictory of his present testimony. Mr. Barbour testifies that prior to 1900 it was the practice of the customs officials to require the wives and children of Chinese merchants to procure certificates, under section 6 of the act of 1882 (Act May 6, 1882, c. 126, 22 Stat. 60 [U. S. Comp. St. 1901, p. 1307]), as amended in 1884 (Act July 5, 1884, c. 220, 23 Stat. 116), showing their right of entry, thus creating the inference that the defendant, having never been furnished such a certificate, had somehow gotten into the country unlawfully. By reference to the authorities, however, I find that it was held, as early as 1890, in this court, that no certificates were required for the wives and children of Chinese

merchants residing in this country to entitle them to entry. In re Chung Toy Ho and Wong Choy Sin (C. C.) 42 Fed. 398, 9 L. R. A. 204. The doctrine of this case has been reiterated and affirmed in the case of United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. The stipulated facts in the latter case are almost exactly as the facts have been developed in this case. The fathers were merchants residing and doing business in the city of Walla Walla, state of Washington, and had sent for their sons to come from China to live with them, and the question arose whether the sons were entitled to enter without first procuring certificates as required by section 6 of the act above specified. It was held directly—the court making special reference to the opinion of Judge Deady in the Chung Toy Ho Case—that the sons had that right, and hence they were discharged from the order made for their deportation. So that, while it may be that the practice existed as asserted by Mr. Barbour, yet a nonobservance of it was not an evasion of the law, and it is quite probable that the defendant came to the United States in the way he has explained. The defendant's contradictory statements are only apparent when read in the light of his explanation.

It is required that a Chinese person who is charged with being unlawfully within the United States shall establish, by affirmative proof, to the satisfaction of the justice, judge, or commissioner, his lawful right to remain. Considering the evidence which has been adduced, I am satisfied that the defendant came to this country while a minor, and that, being the son of a resident Chinese merchant, he is lawfully entitled to remain here.

The defendant will therefore be discharged from the order of the commissioner directing his deportation.