## UNITED STATES v. FOO DUCK.

(District Court, D. Montana.   July 11, 1908.)

No. 1,242.

ALIENS—CHINESE EXCLUSION ACT—MINOR SON OF CHINESE MERCHANT.

A son of a Chinese merchant, lawfully domiciled in the United States, who came to this country from China while a minor for the purpose of joining his father, and who during the remainder of his minority labored and studied in the United States. is lawfully entitled to remain, after attaining his majority, and such right is not affected by the fact that he has since worked as a laborer.

[Ed. Note.—Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

James W. Freeman, U. S. Atty., and J. Miller Smith, Asst. U. S. Atty.

Thomas C. Marshall, for defendant.

HUNT, District Judge.   Appeal from an order of deportation made by the United States Commissioner at Missoula, Mont.

The facts, as agreed upon by the United States attorney and counsel representing the defendant, a Chinaman, are substantially as follows: The father of the defendant is a Chinaman, a merchant, in Missoula, Mont., and has been engaged in the mercantile business in that city for over 15 years.   The defendant is now over 23 years old.   He arrived in the United States in May, 1901, when he was over 16 years old.   He has a certificate issued under the treaty between the United States and China, and in apparent conformity with section 6 of the act of Congress approved July 5, 1884 (23 Stat. 116, c. 220 [U. S. Comp. St. 1901, p. 1307]).   In this certificate he gave his former and present occupation as student.   After the defendant arrived in Missoula, he worked as a cook and waiter at different times for several years.   Part of the time he was helping the matron at the University of Montana, which is situated in Missoula, and while in this position, with the aid of the matron, he studied the English language, and learned to speak and read and write the same.   He speaks English quite well, wears short hair, dresses as an American, and has evidently studied considerably.

As no question of fraud is in the case, the point for decision is this: Where a minor comes to the United States from China for the purpose of joining his father, who is a merchant lawfully domiciled in the United States, and thereafter, during his minority, such minor labors and studies in the United States, is he entitled to remain in the United States after attaining his majority, or is he liable to deportation?   In my opinion such a person is lawfully entitled to remain within the United States.   The boy, while a minor, acquired a right of domicile by virtue of his father having such a right; that is, the father's domicile being in this country, as the parent, he had a right to have his minor child enter.   Ex parte Fong Yim (D. C.) 134 Fed. 938.   This right was independent of any provision for certificate or compliance

with other provisions of the law. U. S. v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. The minor really had no occupation when he entered; hence was not within the purview of section 6, relating to those who must obtain certificates. The reasoning which led to the construction of the statute whereby it was decided that the wife of one who is himself entitled to enter may enter without any certificate is applicable also to the case of a minor child of one so entitled to enter. Both are natural and lawful dependents upon the one who may lawfully have established his domicile in the United States. As the Supreme Court has said:

"In the case of the minor children, the same result must follow as in that of the wife. All the reasons which favor the construction of the statute as exempting the wife from the necessity of procuring a certificate apply with equal force to the case of minor children of a member or members of the admitted classes. They come in by reason of their relationship to the father, and, whether they accompany or follow him, a certificate is not necessary in either case. When the fact is established to the satisfaction of the authorities that the person claiming to enter, either as wife or minor child, is in fact the wife or minor child of one of the members of a class mentioned in the treaty as entitled to enter, then that person is entitled to admission without the certificate."

U. S. v. Chin Sing (D. C.) 153 Fed. 590, is remarkably like the case of this appellant. There the defendant entered the United States in 1898, when he was 14 or 15 years old, and joined his father, and worked as a helper in his father's store. Upon proceedings had under deportation statutes, Judge Wolverton held that the son had the right to enter without first procuring the certificate, as required by section 6 of the exclusion act, and that having come to the country while a minor, and being the son of a resident Chinese merchant, the defendant was lawfully entitled to remain in the United States. The decision of Judge Wolverton was rendered April 8, 1907, thus showing that the minor, who was 14 or 15 years old when he entered the United States in 1898, was 23 or 24 years of age when the court decided that he was lawfully entitled to remain.

The court, however, is asked whether the case before it is not to be distinguished because of the fact that the appellant worked as a laborer from and after the time he attained his majority. The answer is that: Having rightfully entered this country as a minor, and not with intent to become a laborer, he has not forfeited a right to remain by working as a laborer since he was 21. In other words, his coming having been rightful, the fact that, when emancipated, he followed the pursuit of a class of persons who are not entitled to enter, did not operate to deprive him of the right to remain. It is the coming of Chinese laborers into our country that the act is aimed against, and not the expulsion of persons who are here, not having come as laborers, but as children, and who, perchance, have become laborers in America after they have attained legal age.

My judgment is that the defendant has shown a lawful right to be in the United States, and to remain here, without regard to the certificate held by him.

He will be discharged.