## UNITED STATES v. FOO DUCK.

(Circuit Court of Appeals, Ninth Circuit.    September 13, 1909.)

No. 1,681.

ALIENS (§ 24*) — EXCLUSION — CHINESE PERSON—MINOR SON OF CHINESE MER-
CHANT.
The minor son of a Chinese merchant lawfully domiciled in the United States, who immigrated and entered the United States while a minor without trick, deception, or fraud, under a certificate issued by the Registrar General at Hongkong and vised by the acting United States Consul General at the same place, and who during the remainder of his minority labored and studied in the United States, is entitled to remain after attaining his majority, though he has since worked as a laborer.
[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–78; Dec. Dig. § 24.*]

Appeal from the District Court of the United States for the District of Montana.

Proceeding by the United States for the exclusion of Foo Duck, a Chinese person, alleged to be unlawfully within the United States. From a decree discharging defendant from custody (163 Fed. 440), the United States appeals.   Affirmed.

. James W. Freeman, U. S. Atty., and S. C. Ford, Asst. U. S. Atty.

Thomas C. Marshall, A. L. Duncan, and Woody & Woody, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge.   This is an appeal from an order of discharge entered by the judge of the district court for the district of Montana in the proceedings instituted by Howard D. Ebey, Chinese Inspector, charging that the appellee, Foo Duck, had on or about the 26th day of September, 1907, been found unlawfully within the United States.

The facts agreed upon by the United States attorney and counsel representing the defendant, and stated in the opinion of the district judge, are as follows:  The father of the defendant is a Chinaman, a merchant, in Missoula, Mont., and has been engaged in the mercantile business in that city for over 15 years.   The defendant is over 23 years old.   He arrived in the United States in May, 1901, when he was over 16 years old.   He had a certificate issued under the treaty between the United States and China, and in apparent conformity with section 6 of the act of Congress approved July 5, 1884 (chap-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ter 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307]). In this certificate he gave his former and present occupation as student. After the defendant arrived in Missoula, he worked as a cook and waiter at different times for several years. Part of the time he was helping the matron at the University of Montana, which is situated in Missoula, and while in this position, with the aid of the matron, he studied the English language, and learned to speak and read and write the same. He speaks English quite well, wears short hair, dresses as an American, and has evidently studied considerably. The appellant was admitted into the United States as a student in May, 1901, in accordance with the permission granted and the identification made by a certificate issued by the Registrar General at Hongkong and vised by the acting United States Consul General at the same place. This certificate was issued under the provision of article 2 of the treaty between the United States and China concerning immigration, dated November 17, 1880 (22 Stat. 827), article 3 of the Convention of December 8, 1894 (28 Stat. 1211), and section 6 of the act approved May 6, 1882 (Act May 6, 1882, c. 126, 22 Stat. 60), as amended by the act approved July 5, 1884 (Act July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307]), continued in force by act of May 5, 1892 (chapter 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319]) and with all laws on the subject re-enacted, extended, and continued without modification, limitation, or condition by the act of April 29, 1902 (chapter 641, 32 Stat. 176 [U. S. Comp. St. Supp. 1907, p. 414]), as amended by the act of April 27, 1904 (chapter 1630, 33 Stat. 428).

In addition to this certificate, the appellant was at the time of his arrival a minor child of a merchant residing at Missoula, Mont., in the United States. In that relation he would have been admitted into the United States without a certificate. United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544. In that case Gue Lim was the wife of Fook Kee, a Chinese merchant engaged in buying and selling merchandise in the city of Seattle, in the state of Washington. She arrived and was admitted into the United States without the production of the certificate mentioned in section 6 of the act of July 5, 1884. The court held that such a certificate was not required of the wife of a merchant domiciled in this country. Under the title of this case, there were also appeals from the United States District Court for the District of Washington discharging certain minor children from arrest upon the charge of being unlawfully within the United States. These appellants were the minor children of a Chinese merchant lawfully residing and doing business in the city of Walla Walla, in the state of Washington. They had also been admitted into the United States without having produced the certificate required by the act of July 5, 1884. They relied entirely upon the status of their father as a merchant residing in this country. With respect to the minor children, the court said:

"In the case of minor children, the same result must follow as in that of the wife. All the reasons which favor the construction of the statute as exempting the wife from the necessity of procuring a certificate apply with equal force to the case of minor children of a member or members of the admitted classes. They come in by reason of their relationship to the father,

and, whether they accompany or follow him, a certificate is not necessary in either case. When the fact is established to the satisfaction of the authorities that the person claiming to enter, either as wife or minor child, is in fact the wife or minor child of one of the members of a class mentioned in the treaty as entitled to enter, then that person is entitled to admission without the certificate."

There is no fraud charged against the appellant in obtaining the certificate under which he was admitted into the United States; nor is there any question raised as to his having been a student both before and after his arrival in the United States. It is not questioned that he is and was at the time of his arrival in this country a son of a merchant domiciled in this country. He was, therefore, lawfully admitted into the United States.

The contention of the government is that, notwithstanding these facts, the appellant should be deported because after he arrived in this country "he worked as a cook and waiter at different times for several years." Part of the time his work consisted in helping the matron of the University of Montana, and while in this position, with the aid of the matron, he studied the English language, and learned to speak and read and write the same. His labor was therefore in part at least closely related to his work as a student. When he came to this country, he was 16 years of age. He is now over 23 years old. He has been here over seven years, five of these years he was a minor, and all of these years he was a son of a merchant residing and doing business in this country. Do these facts place the appellant in the excluded class and subject him to deportation?

Where a Chinese person secures admission into the United States as a merchant and immediately becomes and continues as a laborer, this latter fact is evidence that he came into the United States as a laborer, and the court is justified in holding that his coming was in violation of the statute, and that he is unlawfully within the United States and cannot remain. But, when the Chinese person has obtained admission lawfully under the statute, and without any trick, deception, or fraud has become domiciled in the United States for a period of seven years, we do not see how he can be deported if during that time he has been found temporarily performing acts of labor. In the general immigration laws Congress has provided a probationary period of three years for the purpose of determining whether certain immigrants should be deported by reason of immoral practice during that period. Section 3, Act Feb. 20, 1907, c. 1134, 34 Stat. 899 (U. S. Comp. St. Supp. 1907, p. 392). But no probationary period has been provided in the laws relating to Chinese immigration, and, aside from the presumptions arising from the employment of such an immigrant after his arrival in this country as evidence of what it was when he came into the country, we know of no law providing for the deportation of a Chinese person who has lawfully obtained admission into the United States, and has not become subject to deportation under the general immigration laws.

The judgment of the District Court is affirmed.