Ex parte LEW LIN SHEW.

(District Court, N. D. California, First Division.   August 4, 1914.)

No. 15673.

1. ALIENS (§ 32*) — CHINESE — DEPORTATION PROCEEDINGS — CHARGE — DE-
FENSES.
   While, in proceedings before the immigration officers for deportation of
   a Chinese alien, no such particularity is required as is essential in court
   proceedings, yet a mere omnibus charge of being in the country in viola-
   tion of law, which does not in any degree advise the alien as to what he
   is called on to' meet, is improper.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec.
   Dig. § 32.*]

2. ALIENS (§ 24*)—CHINESE—DEPORTATION PROCEEDINGS—GROUNDS—CHINESE
MINOR—LABOR AFTER MAJORITY.
   Where a Chinese alien has been admitted into the United States as the
   minor son of a Chinese merchant, he may not be lawfully deported for
   the sole reason that, after attaining his majority, he has worked as a
   laborer.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–78; Dec. Dig.
   § 24.*]

Habeas corpus proceedings to obtain the release of Lew Lin Shew,
a Chinese alien, from custody under a deportation warrant.   Writ
granted, and petitioner discharged.

John L. McNab, and Timothy Healy, both of San Francisco, Cal.,
for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U.
S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge.   This matter was heard upon the peti-
tion for a writ of habeas corpus and a return filed thereto, by which
all the facts were presented to the court.   It appears that Lew Lin
Shew, a Chinese alien, was duly admitted at the port of San Francisco,
on April 24, 1912, as the minor son of a resident Chinese merchant.
He was later arrested on a warrant, dated March 3, 1914, which war-
rant charged:

"That the said alien is unlawfully in the United States, in that he en-
tered without inspection under the Immigration Law (section 20), and in
that he entered in violation of another ("any") law of the United States, to
wit, the Chinese exclusion laws (section 21 of the Act of February 20, 1907)."

Upon a hearing being had, a warrant of deportation was issued;
the grounds of such deportation being, as stated in said warrant:

"That the said alien is unlawfully in the United States, in that he has·
been found therein in violation of the Chinese exclusion laws, and is there-
fore subject to deportation under the provisions of section 21 of the act of
February 20, 1907, as amended March 26, 1910."

[1] The charge that the alien entered without inspection finds no
support in the evidence, and has apparently been abandoned.   The
statement in the warrant of deportation that "he is unlawfully in this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

country, in that he has been found therein in violation of the Chinese exclusion laws," is so broad as to convey absolutely no idea of the specific reason for which the alien has been ordered deported. It is quite true, and has been frequently so held, that in proceedings before the immigration officers, looking to the deportation of aliens, no such particularity is required as is essential in court proceedings; but this does not mean that an omnibus charge of being in this country in violation of law, which does not in any degree whatever advise the alien as to just what he is called upon to meet, will satisfy the requirements either of the law, or of good faith or of fair dealing. An examination of the record would indicate that the real reason for the deportation is the fact that the alien was found laboring in this country without having the certificate of residence required by section 6 of the Act of May 5, 1892 (27 Stat. 25, c. 60), as amended November 3, 1893 (28 Stat. 7, c. 14, § 1 [U. S. Comp. St. 1913, § 4320]).

[2] In the Case of Yee Ben, it was recently decided by this court, following the decision of Judge Connor in United States v. Lim Yuen (D. C.) 211 Fed. 1001, and the earlier decision of Judge Hunt in United States v. Foo Duck (D. C.) 163 Fed. 440 (affirmed by the Circuit Court of Appeals of this circuit in 172 Fed. 856, 97 C. C. A. 204), that a Chinese alien, admitted into this country as the minor son of a resident merchant, may not be deported for the sole reason that after attaining his majority he has worked as a laborer.

Passing over, therefore, the question as to whether this order of deportation could in any event be upheld, because of its indefiniteness, as the only reason for deportation that can be found in the evidence is the fact that the alien has been found laboring after he attained his majority, and as this is not, in the opinion of the court, a valid reason for such deportation, it is ordered that the alien, Lew Lin Shew, be discharged.