### Ex parte CHUN WOI SAN.

(District Court, N. D. California, First Division. October 30, 1914.)

No. 15676.

1. ALIENS ⊛⇒32(1)—DEPORTATION OF CHINESE—JURISDICTION OF IMMIGRATION AUTHORITIES.

Under Immigration Act (Act Cong. Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905, Comp. St. 1913, § 4270), providing that in case the Secretary of Labor shall be satisfied that an alien has been found in the United States in violation of that act, or that an alien is subject to deportation under the provisions of that act, or of any law of the United States, he shall cause such alien, within three years after landing or entry, to be taken into custody and returned to the country whence he came, a Chinese person found in the country in violation of the Chinese Exclusion Act (Act Cong. May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1913, §§ 4315–4323]) may be deported by the immigration authorities, provided such deportation be had within three years from the entry.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. ⊛⇒32(1).]

2. ALIENS ⊛⇒32(13)—DEPORTATION PROCEEDINGS—REVIEW BY COURTS.

While, in a proceeding before the immigration authorities to deport a Chinese person, the omnibus charge that he was in the country in violation of the Chinese Exclusion Act was so broad as to convey absolutely no idea of the specific reason for which he was ordered deported, the court would not interfere on habeas corpus, where the whole record made

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it apparent that the alien knew what was specifically urged against him and was given an opportunity to meet the specific charge.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞32(13).]

**3. ALIENS ☞23(2)—DEPORTATION OF CHINESE LABORERS.**

A Chinese person, admitted to the country ostensibly as an attaché of a Chinese official, and thereafter found working in a laundry far from his ostensible chief, was subject to deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 77; Dec. Dig. ☞23(2).]

Habeas corpus by Chun Woi San. Petitioner remanded. Appeal dismissed, 228 Fed. 1019, —— C. C. A. ——.

Geo. A. McGowan, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. On the questions presented here the court has reached the following conclusions:

[1] 1. That a Chinese may be deported under the provisions of the Immigration Law by the immigration authorities, if found in this country in violation of the Chinese Exclusion Act, provided such deportation be had within three years from the date of his entry. In deciding the contrary in a former case the court did so without having called to its attention the provision of section 21 of the Immigration Act. Act Feb. 20, 1907, c. 1134, 34 Stat. 905.

[2] 2. The omnibus charge that an alien is here in violation of the Chinese Exclusion Act, as stated by the court in the Case of Lew Lin Shew, 217 Fed. 317, "is so broad as to convey absolutely no idea of the specific reason for which the alien has been ordered deported." But if, from an examination of the whole record, it is apparent, as it is here, that the alien knew just what was specifically urged against him, and was given an opportunity to meet this specific charge, and does so, the court will not interfere on that ground.

[3] 3. The real reason for the order of deportation in the present case is the fact that, while this alien was admitted ostensibly as an attaché of a Chinese official coming to this country for some investigations or purposes in reference to banking, he was found working in a laundry far from his ostensible chief.

4. If one properly come to this country as the body servant or attaché of an official, and have no other right of entry than as such, he may not detach himself from such official, and remain here in the capacity of a laborer.

5. The hearing which resulted in the order of deportation was not unfair.

For these reasons, the petitioner will be remanded.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes