### LEW LING CHONG v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

#### No. 2559.

1. ALIENS ☞32—DEPORTATION PROCEEDINGS—REVIEW BY COURTS—APPEALS.
   A proceeding on an appeal to the District Court from a commissioner's order for the deportation of a Chinese person was properly taken to the Circuit Court of Appeals by appeal.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☞32.]

2. ALIENS ☞32—DEPORTATION PROCEEDINGS—SUFFICIENCY OF EVIDENCE.
   In a proceeding to deport a Chinese person, admitted into the United States as the minor son of a Chinese merchant, evidence *held* sufficient to sustain the burden resting upon such person of showing that his father was a merchant.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☞32.]

3. ALIENS ☞32 — DEPORTATION PROCEEDINGS — REVIEW BY COURTS — EVIDENCE.
   On appeal from a commissioner's order for the deportation of a Chinese person, statements in the commissioner's memorandum opinion could not be considered as evidence against the person sought to be deported.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☞32.]

4. ALIENS ☞23—CHINESE PERSONS EXCLUDED—MINOR SON OF MERCHANT.
   The minor son of a Chinese merchant living in the United States was lawfully within the United States, he not being afflicted with any of the moral or physical infirmities justifying deportation, under Act March 26, 1910, c. 128, § 1, 36 Stat. 263 (Comp. St. 1913, § 4244), especially as the departmental rules governing the admission of Chinese persons for several years have extended the privileges of the exempted classes to their minor children.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–90; Dec. Dig. ☞23.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. ALIENS ☞32—DEPORTATION PROCEEDINGS—REVIEW BY COURTS—APPEALS.
On appeal from a decree affirming an order of a commissioner for the deportation of a Chinese person, findings of the commissioner and the District Court that such person was unlawfully within the United States did not preclude a review of the facts in the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ☞32.]

6. ALIENS ☞24—CHINESE PERSONS EXCLUDED—MINOR SON OF MERCHANT.
That a Chinese person, properly admitted to the United States as the minor son of a Chinese merchant living in the United States, thereafter worked in a laundry, did not defeat his right to remain in the country.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 76–78; Dec. Dig. ☞24.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Deportation proceeding by the United States against Lew Ling Chong. From a decree affirming the commissioner's order of deportation, defendant appeals. Reversed and remanded, with directions.

P. M. Smith, of Wellsville, Ohio, for appellant.

J. B. Waterworth, Asst. U. S. Atty., of Cleveland, Ohio, for the United States.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. [1] The government commenced a proceeding October 12, 1912, before a United States commissioner, for the purpose of deporting Lew Ling Chong, and, on January 24, 1913, the commissioner ordered respondent to be forthwith removed from the United States to China. The case was appealed to the court below, where, April 17, 1913, the order of the commissioner was affirmed. It is said in the brief for the government that the case was brought here both on writ of error and appeal, and that a motion had been filed to dismiss. No such motion appears, and, according to the transcript, an appeal alone was perfected. Indeed, as we understood counsel in oral argument, the claim in respect of a writ of error was abandoned; moreover, the case is properly here upon appeal. United States v. Hung Chang, 134 Fed. 19, 20, 67 C. C. A. 93 (C. C. A. 6th Cir.).

The appellant, Lew Ling Chong, was arrested upon a warrant charging him with being "a Chinese person and a person of Chinese descent," "unlawfully in the United States," and "not lawfully entitled to be and remain" therein. This seems to be the complaint, and the only one, upon which appellant was tried and ordered to be deported; no pleading of any kind was filed by appellant. It appears, from the memorandum opinion of the commissioner, that at the hearing before him several witnesses were called by the government, and that only the father of appellant was called for the defense. The testimony there given is not embodied in the record. The cause was tried de novo in

the court below, and the government rested its case upon an admission that appellant "is a Chinaman." Both appellant and his father appeared at that trial as witnesses, and their testimony, as translated by an interpreter, is set out in the record. A certificate, called a certificate of identification, was in terms formally offered and received in evidence at this trial, though the instrument was then in the custody of the government at Washington, and, by leave of court, was inserted in the record after the decree had been entered. Nothing further was offered by either the appellant or the government.

[2] The question is whether the order of deportation should be sustained. Appellant entered the United States at the port of Seattle, July 21, 1910. He was admitted as a "minor son of Lew Wah solely because of his status as a merchant." The relation of father and son is not disputed. It is stated in the certificate that appellant was then 21 years of age. It is, however, claimed and practically admitted that this was a mistake which grew out of a Chinese custom to treat a child as two years of age upon the first birthday of the Emperor next succeeding the birth of the child, even though this results in treating a child born within a single month prior to such birthday as two years of age; and so it is in effect conceded that appellant was 19 years old at the time of his entry at the port of Seattle. The father, Lew Wah, entered the United States at the port of San Francisco in 1878, and has practically made this country his home ever since. He testifies in substance that some four years prior to the trial below—that is, in 1909—he purchased an interest, investing $500, in a Chinese store situated in Cleveland, Ohio; that in this store he was buying and selling Chinese drugs and general merchandise; and that the store and his interest therein are still maintained. True, he said in his examination in chief that "during the last four years" he had been in a "laundry and that store"; but in effect it appears in his cross-examination that he was in the laundry for only a few months within that period, and that this was within the 10 months next preceding the trial; and he adds that for a period of more than 10 years prior to that time he had not been engaged in a laundry at all.

The son, Lew Ling Chong, testifies that in August or September following his arrival at Seattle he began work in this store, giving its location by street and number, and stating that he was helping his father and "learning Chinese trade—business, that is—and selling goods"; that he was selling "Chinese drugs and general merchandise"; that "there are quite a few partners in the concern"; that his father was "buying and selling" in the store; that his "father's name appeared on the book of that company"; that he knew of his father being in the store for three years after the son's arrival; that he, the son, was in the store "a little over a year"; that on account of trouble (in the Chinese quarter) his father sent him to Youngstown, where he stayed about a year, taking private lessons from a woman who had married "a Chinese person." On cross-examination, he denied having worked in a laundry in Youngstown.

The testimony of these witnesses must be considered in connection with the facts that it was given through a Chinese interpreter, that the

translations are more or less confused, and that no attempt was made either to impeach the witnesses or to contradict their testimony. It.is worthy of consideration, moreover, that the testimony accords with, if, indeed, it is not corroborated by, the certificate of identification. The certificate was attested and issued by the immigration official in charge of the port of Seattle, pursuant to a regulation governing the admission·of Chinese, adopted March 19, 1909, by the Department of Commerce and Labor.[1] One provision of the rule enjoined upon the immigration official the duty carefully to observe its instructions "in issuing such certificates." The instructions were plain respecting the facts that should be embodied in such a certificate. It is stated in the certificate, as we have seen, that appellant was admitted as.a "minor son of Lew Wah solely because of his status as a merchant"—i. e., the father's status; and it cannot be assumed that the official failed in the discharge of his duty. No inquiry appears to have been made touching the issue of the certificate, although appellant gave the certificate to a government official at the time of the arrest in Youngstown; and another provision of the rule clearly implies that the government keeps a record of such certificates, for it permits the issue of duplicates of "those unavoidably lost or destroyed." Still it is argued that at the time the certificate was issued the father was not a merchant, and that the certificate was obtained through fraudulent representation in that respect. Under the evidence, the argument cannot be sustained. It has no basis save some statements of the witnesses which on first view might seem inconsistent and excite suspicion, but on examination are reconcilable; and simply to suspect, is not to show, the existence of such a fraud. Pang Sho Yin v. United States, 154 Fed. 660, 662, 83 C. C. A. 484 (C. C. A. 6th Cir.); United States v. Foo Duck, 172 Fed. 856, 858, 97 C. C. A. 204 (C. C. A. 9th Cir.).

[3] True, counsel refer to statements found in the memorandum opinion of the commissioner; as we have seen, no part of the testimony of the witnesses there alluded to appears in the record; and the statements of the commissioner are not admissible and cannot rightfully be imposed upon the appellant. Liu Hop Fong v. United States, 209 U. S. 453, 462, 28 Sup. Ct. 576, 52 L. Ed. 888. Upon the whole, we are satisfied that, at the time of appellant's entry, his father was a merchant, within the meaning of the act of Congress. Tom Hong v. United States, 193 U. S. 517, 521, 522, 24 Sup. Ct. 517, 48 L. Ed. 772; Lee Kan v. United States, 62 Fed. 914, 10 C. C. A. 669 (C. C. A. 9th Cir., opinion by Mr. Justice McKenna, then circuit judge).

---

[1] Counsel for the government cite rule 19 of that department as the one under which the certificate was issued; but this was evidently an inadvertence, for rule 52a, adopted March 19, 1909, was in force at the time of appellant's entry. Yet this error is unimportant, since the two rules are substantially the same in the portions relevant here. And in our allusion to the rule we are not unmindful of the distinction urged between the effect of a departmental rule and that of an act of Congress, touching the evidential effect of a certificate. Liu Hop·Fong v. United States, 209 U. S. 453, 463, 28 Sup. Ct. 576, 52 L. Ed. 888. This does not, however, prevent a certificate issued under the departmental rule from having some meaning, some probative significance, when it is considered in connection with a charge of fraud.

[4] It results that the case presented fixes the status of the father as that of a merchant, and of the son as that of a minor, on July 21, 1910. Admittedly such a fact as to the father placed him within the exempted class; and it is settled that the existence of this fact entitled his minor son to enter (United States v. Mrs. Gue Lim, 176 U. S. 459, 464, 468, 20 Sup. Ct. 415, 44 L. Ed. 544; United States v. Foo Duck, supra, 172 Fed. at pages 856, 858, 97 C. C. A. 204; United States v. Lim Yuen [D. C.] 211 Fed. 1001, 1004); indeed, ever since April 13, 1910, if not before, the departmental rules governing the admission of Chinese have distinctly extended the privileges of the exempted classes to their minor children (rule 2 in 1910; rule 9b in 1914). Furthermore, the father had lived in this country for 35 years, and the son had lived here upwards of 2 years, when the son was ordered to be deported to China. The only charge preferred against the son is, as already stated, that he was born in China and not entitled to remain in the United States. It is not suggested that he is afflicted with any of the infirmities, either moral or physical, which might justify deportation (36 Stat. 263–265, which is very comprehensive; United States v. Wong You, 223 U. S. 67, 69, 32 Sup. Ct. 195, 56 L. Ed. 354; Lewis v. Frick, 233 U. S. 291, 300, 301, 34 Sup. Ct. 488, 58 L. Ed. 967; Id., 195 Fed. 693, 699, 700, 115 C. C. A. 493 (C. C. A. 6th Cir.); nor is it intimated that either the father or the son has, since taking up his residence in this country, failed in any of the qualities of a law-abiding citizen. It is obviously a serious thing to sever the relations, as here proposed, which seem to exist between the father and son; and while it is incumbent upon the son, in such a case as this, to show his right to remain here, it is not too much to say that reasonable credence should be given to the testimony of such persons as these. We say this for several reasons:

[5] (1) It is insisted that, in view of the orders made by the commissioner and the District Court, this court should not reconsider the facts of the case, citing Chin Bak Kan v. United States, 186 U. S. 193, 199, 22 Sup. Ct. 891, 46 L. Ed. 1121; but the particular language in the opinion, which is quoted and relied on by counsel here, was used because of a claim there made that the commissioner was without jurisdiction by reason of section 6 of the act of 1892 (Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1913, § 4320]); the Chief Justice saying (186 U. S. 201, 22 Sup. Ct. 895, 46 L. Ed. 1121):

"Except in cases under that section where the question of jurisdiction alone is certified, we have power to dispose of the entire case; but as the jurisdiction of the commissioner is sustained, we are of opinion that we cannot properly re-examine the facts already determined by two judgments below."

In Tom Hong v. United States, 193 U. S. 517, 24 Sup. Ct. 517, 48 L. Ed. 772, the contention of the appellants was that they were entitled to remain in the United States, and no question of jurisdiction seems to have arisen. There had been two judgments below, one of the commissioner and the other of the District Court, and in the course of the opinion Mr. Justice Day said (193 U. S. 522, 24 Sup. Ct. 520, 48 L. Ed. 772):

"It is true that the findings of the commissioner and in the District Court in cases of this character should ordinarily be followed in this court, and will

only be reconsidered when it is clear that an incorrect conclusion has been reached. Chin Bak Kan v. United States, 186 U. S. 193, 201 [22 Sup. Ct. 891, 46 L. Ed. 1121]."

Thus it is plain that the Supreme Court does not in a case such as this regard itself as precluded from reconsidering the facts. It is to be added, as counsel say of the decision of this court in Bak Kun v. United States, 195 Fed. 53, 55, 115 C. C. A. 55, that, under the act of Congress, it is incumbent upon a Chinaman, charged with being unlawfully within the United States, to establish his right to remain by affirmative proof. For reasons already stated, we think it clear that the appellant has discharged the burden of proof resting upon him, either under the act of Congress or under the rule laid down by Mr. Justice Day and before quoted.

[6] (2) It is urged that appellant worked as a laborer in Youngstown and was so working at the time of his arrest. We do not think this is shown by the record; but, since his communicated status and his resulting right to remain in this country had been previously established, the work he is said to have done in Youngstown could not have operated to forfeit his right to remain. United States v. Foo Duck, supra, 172 Fed. at page 858, 97 C. C. A. 204; United States v. Yee Quong Yuen, 191 Fed. 29, 30, 111 C. C. A. 500 (C. C. A. 8th Cir.); United States v. Lee You Wing, 211 Fed. 939, 941, 942, 128 C. C. A. 437 (C. C. A. 2d Cir.); United States v. Hom Lim (D. C.) 214 Fed. 456, 462; United States v. Lim Yuen (D. C.) 211 Fed. 1001, 1007, 1008. The decision in Low Wah Suey v. Backus, 225 U. S. 460, 476, 32 Sup. Ct. 734, 56 L. Ed. 1165, is inapplicable, since it is not shown, as counsel contend, that appellant has placed himself in a forbidden class.

The decree must be reversed, and the cause remanded, with direction to discharge appellant.