### UNITED STATES v. GIN ONG.

(District Court, S. D. California, S. D. September 21, 1918.)

#### No. 946.

ALIENS ☞23(2)—DEPORTATION OF CHINESE—LAWFUL ENTRY AS STUDENT.

A Chinese person entering the United States in good faith as a minor child of a member of the exempt class and for the purpose of study, and who is still a student, although obliged to work a part of each day to earn living expenses, is not subject to deportation.

Proceeding by the United States for the deportation of Gin Ong. On review of order of deportation. Reversed.

Robert O'Connor, U. S. Atty., and Clyde R. Moody and L. L. Young, Asst. U. S. Attys., all of Los Angeles, Cal.

Frank Stewart, of Los Angeles, Cal., for defendant.

BLEDSOE, District Judge. In this case, "it is the contention of the government that defendant's entry was fraudulent, and that, as he

has not a section 6 certificate, he is illegally within the United States and should be deported to China."

The evidence was that the appellant came to this country when he was about 14 years of age, and was admitted as the minor son of a merchant and member of the diplomatic service. He came here to study the English language; but, as above stated, he came and was admitted as the minor son of one entitled to be and remain here. Under such circumstances, no certificate under section 6 of the act of May 6, 1882, was necessary. United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544; In re Chung Toy Ho and Wong Choy Sin (C. C.) 42 Fed. 398, 9 L. R. A. 204; United States v. Foo Duck, 172 Fed. 856, 97 C. C. A. 204. No certificate having been demanded at the time of his admission, it must be held as conclusively established thereby that his entry was as the minor child of one entitled to remain, and not as a student on his own account. So far as the record discloses, in my judgment, his entry as such minor child was in entire good faith. The fact that his father returned to China within two years after his entry is not of itself any proof of a fraudulent disposition upon his part either at the time of entry or thereafter.

Diligently, and to the exclusion of everything else, seemingly, he pursued his studies from the time of his entry until nearly a year after his father returned to China and then still continued, but, because of an absence of further funds wherewith to support himself, was compelled to engage himself for a portion of his time in house service. He is still a student primarily, but still, as heretofore, owing to the necessity of the case, is engaged in the performance of house service a part of each day in order that he may live.

I do not understand the government to contend, nor do I understand it to be the law, that conceding his entry into the United States to have been blameless, i. e., devoid of fraudulent intent, and conceding his subsequent conduct to have been lawful, i. e., that he continued to be a student, he may now be deported solely because his father has heretofore returned to China. On this theory, if his father had remained here after the attainment of his majority, he would thereafter have been subject to deportation because of the fact that he had lost his previous and lawful status as "a minor child." I understand, however, the contrary to be the holding. United States v. Foo Duck, 172 Fed. 856, 97 C. C. A. 204; United States v. Foo Duck (D. C.) 163 Fed. 440; United States v. Chin Sing (D. C.) 153 Fed. 590; United States v. Lim Yuen et al. (D. C.) 211 Fed. 1001.

It was said by the Circuit Court of Appeals of this circuit, in a case not dissimilar to this (172 Fed. 856, 858, 97 C. C. A. 204):

"We know of no law providing for the deportation of a Chinese person who has lawfully obtained admission into the United States, and has not become subject to deportation under the general immigration laws."

Whether, if hereafter defendant should change his status from that of a student to that of a laborer, he would be entitled to remain (United States v. Joe Dick [D. C.] 134 Fed. 988), need not now be considered upon the present case. My conclusion is that having come into this country in good faith as the minor child of a member of the exempt

class and for the purpose of study, and being still a student in the substantial aspect of the term, there is no law which justifies his deportation at this time.

The order of deportation heretofore made by the commissioner is therefore reversed.