### CHAIN CHIO FONG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.    October 3, 1904.)

#### No. 1,030.

1. CHINESE EXCLUSION—PERSON ENTERING ON CERTIFICATE—CHANGE OF OCCUPATION.

A Chinese person who entered the United States upon a certificate granted by the Chinese authorities in accordance with the provisions of section 6 of Act May 6, 1882, c. 126, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307], showing him to belong to one of the classes entitled to enter under said act, is subject to deportation under the subsequent exclusion acts, where it is shown that from the time of his entry, several years before his arrest, he has been a manual laborer.

Appeal from the District Court of the United States for the Northern District of California.

See (C. C. A.) 129 Fed. 585.

Henry C. Dibble & Dibble, for appellant.

Duncan E. McKinlay, Asst. U. S. Atty. (Marshall B. Woodworth, U. S. Atty., of counsel).

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge.   The appellant was arrested upon a warrant issued by Commissioner E. H. Heacock upon a complaint charging the appellant with being a Chinese manual laborer within the limits of the Northern District of California, without the certificate of residence required by the act of Congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892, and the act amendatory thereof approved November 3, 1893, 27 Stat. 25, c. 60, and 28 Stat. 7, c. 14 [U. S. Comp. St. 1901, p. 1319], and the act approved April 29, 1902, 32 Stat. 176, c. 641 [U. S. Comp. St. Supp. 1903, p. 188].   The following proceedings took place before the commissioner upon the hearing:

"Chain Chio Fong, the defendant, sworn.

"The Commissioner: Q. Where were you born?   A. In Mok How.   Q. When did you first come to the United States?   A. In the 24th year of Quong Sue (1898).   Q. What sort of paper did you bring with you, if any?   A. Business paper, section 6.   Q. Where is it?   A. I gave it to the customs. Q. What did you do when you first arrived in the United States?   A. I went to farming.   Q. The first thing after you arrived?   A. Yes, sir.   Q. Have you continued farming ever since?   A. Yes, sir.   Q. You have been a manual

---

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. Same, 35 C. C. A. 332.

laborer, then, all the while you have been in the United States? A. Yes, sir. The Commissioner: I order you deported."

In the commissioner's docket appears the following:

"Having duly considered the evidence, and being fully advised in the premises, I find: That the defendant, Chain Chio Fong, is a Chinese person, and was born in and is a subject of the Empire of China. That he came to the United States from China in the year 1898, and was permitted to enter the United States as a merchant under the provisions of the treaty between the United States and China; that he was found in the city and county of San Francisco, in the Northern District of California, on the 27th day of October, 1903; and that he was then and there a manual laborer within the true intent and meaning of the Chinese exclusion acts, and that he has been such manual laborer at all times since his arrival in the United States. As a conclusion of law, I find that the defendant is unlawfully in the United States, and is not entitled to be and remain therein. It is therefore ordered, adjudged, and decreed that the defendant, Chain Chio Fong, be deported from the United States to China, and it is further ordered that he be committed to the custody of the United States marshal for the Northern District of California to carry this order into effect."

The case was thereupon appealed to the District Court, where the following proceedings were had:

"This case, being on appeal from the judgment of deportation by United States Commissioner E. H. Heacock, this day came on regularly for hearing. By agreement of Benjamin L. McKinley, Assistant United States Attorney, and H. C. Dibble, attorney for the defendant, the case was submitted to the court for decision without argument."

The District Court thereupon affirmed the judgment of the commissioner.

In support of the appeal to this court, it is contended that the order and judgment made and entered by the commissioner was contrary to the evidence, for the reason that it appeared from the evidence that said defendant was lawfully in the United States, having come into the United States with a certificate duly issued to him under the restriction acts. Section 6 of the act of May 6, 1882, c. 126, 22 Stat. 60, as amended by the act of July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307], provides as follows:

"That in order to the faithful execution of the provisions of this act, every Chinese person, other than a laborer, who may be entitled by said treaty or this act to come within the United States, and who shall be about to come to the United States shall obtain the permission of and be identified as so entitled by the Chinese government, or of such other foreign government of which at the time such Chinese person shall be a subject, in each case to be evidenced by a certificate issued by such government, which certificate shall be in the English language, and shall show such permission, with the name of the permitted person in his or her proper signature, and which certificate shall state the individual, family, and tribal name in full, title or official rank, if any, the age, height, and all physical peculiarities, former and present occupation or profession, when and where and how long pursued, and place of residence of the person to whom the certificate is issued, and that such person is entitled by this act to come within the United States. If the person so applying for a certificate shall be a merchant, said certificate shall, in addition to above requirements, state the nature, character, and estimated value of the business carried on by him prior to and at the time of his application as aforesaid: provided, that nothing in this act nor in said treaty shall be construed as embracing within the meaning of the word 'merchant' hucksters, peddlers, or those engaged in taking, drying, or otherwise preserving shell or other fish for home consumption or ex-

portation. If the certificate be sought for the purpose of travel for curiosity, it shall also state whether the applicant intends to pass through or travel within the United States, together. with his financial standing in the country from which such certificate is desired. The certificate provided for in this act, and the identity of the person named therein shall, before such person goes on board any vessel to proceed to the United States, be viséed by the indorsement of the diplomatic representatives of the United States in the foreign country from which said certificate issues, or of the consular representative of the United States at the port or place from which the person named in the certificate is about to depart; and such diplomatic representative or consular representative whose indorsement is so required is hereby empowered, and it shall be his duty, before indorsing such certificate as aforesaid, to examine into the truth· of the statements set forth in said certificate, and if he shall find upon examination that said or any of the statements therein contained are untrue, it shall be his duty to refuse to indorse the same. Such certificate viséed as aforesaid shall be prima facie evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district in the United States at which the person named therein shall arrive, and afterward produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted and the facts herein stated disproved by the United States authorities."

We are of the opinion that the commissioner was justified from the evidence before him in the conclusion that the appellant was unlawfully in the United States, and was not entitled to be or remain therein.

The judgment of the District Court is affirmed.