## CHEUNG HIM NIN v. UNITED STATES.

### CHIN CHEW FONG v. SAME.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

#### No. 1,020.

1. CHINESE EXCLUSION—PERSON ENTERING ON MERCHANT'S CERTIFICATE—CHANGE OF OCCUPATION.

A Chinese person entering the United States on a merchant's certificate obtained in accordance with section 6 of Act May 6, 1882, c. 126, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 [U. S. Comp. St. 1901, p. 1307], is subject to deportation, as being unlawfully in this country, where it is shown that, after being in business as a merchant for 15 months after his arrival, he became a laborer, and has remained such ever since—a space of several years.

Appeal from the District Court of the United States for the Northern District of California.

See 129 Fed. 585.

Henry C. Dibble & Dibble, for appellant.

Duncan E. McKinlay, Asst. U. S. Atty., and Marshall B. Woodworth, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellant was arrested upon a warrant issued by Commissioner E. H. Heacock upon a complaint charging the appellant with being a Chinese manual laborer within the limits of the Northern District of California, without the certificate of residence required by the act of Congress entitled "An act to prohibit the coming of Chinese persons into the United States," approved May 5, 1892, c. 60, 27 Stat. 25 [U. S. Comp. St. 1901, p. 1319], and the act amendatory thereof approved November 3, 1893, c. 14, 28 Stat. 7 [U. S. Comp. St. 1901, p. 1322], and the act of Congress approved April 29, 1902, c. 641, 32 Stat. 176 [U. S. Comp. St. Supp. 1903, p. 188].

The following proceedings took place before the Commissioner upon the hearing:

"Cheung Him Nin, the defendant, sworn. The Commissioner: Q. Where were you born? A. In China. Q. When did you first come to the United States? A. In the twenty-third year of Kwong Sue. Q. You brought a Section Six merchant's certificate? A. Yes, sir. Q. What have you been doing in the United States since you arrived? A. I did business for fifteen months. Q. Here? A. On Dupont street—Quong Wah Lee. Q. What number on Dupont street? A. I don't remember the number. Q. Do you remember that firm? A. Yes, sir. Q. Did you have an interest in it? A. My uncle had an interest there. Q. Did you have an interest in the firm? A. My uncle gave me money to enter there. Q. How much money did he give you to enter there? A. One thousand. Q. Did you have a thousand dollars interest in that firm? The Commissioner: Mr. interpreter, caution him to tell me the truth. If he tells me a lie, he may be prosecuted for perjury. A. I am not telling any lies. Q. Did your name appear on the partnership list of that firm? A. I don't know whether there is any in the customs or not. Q. Did your name

¶ 1. Citizenship of Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.

appear on the partnership list of the books of the firm in the store? A. My uncle's name is on the books, but he gave that to me to do. Q. Is your name on the books of the firm? That is what I am asking you. Answer my question. A. They put my uncle's name down, and then my uncle transferred it to me. The Interpreter: I said, 'Is your name down?' and he says, 'Yes.' The Commissioner: Q. Your name is on the partnership list, is it? A. Yes, sir. Q. When did you enter that firm—how soon after you arrived in the United States? A. In the twelfth month. Q. Of what year? A. In the twenty-third year. Q. And you continued for fifteen months? A. Yes, sir. Q. Then what did you do? A. I went to farming. Q. And you have been a laborer ever since? A. Yes, sir. Q. Why did you quit the firm? A. My uncle went back to China, and then I did not do anything any more. Q. Your uncle took the capital with him, did he? A. Yes, sir. Q. Were you examined on the 25th day of September by the officers of the Chinese bureau? Mr. Stidger: We admit he was, and made those statements. The Commissioner: It is admitted that he made those statements contained in the paper. I will order the defendant deported; he being a laborer, and not entitled to remain in the United States."

The case was thereupon appealed to the District Court, when the following proceedings were had:

"This case, on appeal from the judgment of deportation by United States Commissioner Heacock, this day came on regularly for hearing, and by agreement of Benjamin L. McKinley, assistant United States attorney, and Oliver Dibble, attorney for the defendant. was submitted to the court upon the record, and without argument, for decision. After due consideration had thereon, it is by the court ordered that the said judgment of deportation be, and the same is, hereby affirmed."

The assignment of errors raises the same question as that in the preceding case of Chin Chew Fong; the only difference being that in the present case the appellant testifies that he did business for 15 months, and then went to farming. We think the commissioner was justified in his conclusion that the appellant was a laborer, within the meaning of the exclusion act, and that he was unlawfully in the United States.

The judgment of the District Court is affirmed.