LUI HIP CHIN v. PLUMMER, Chinese Immigrant Inspector.

Ex parte LUI HIP CHIN.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1917.)

No. 2841.

1. ALIENS &#9758;23(2)—CHINESE PERSONS—DEPORTATION—MERCHANTS.

That a Chinese person admitted to the United States as a merchant subsequently becomes a laborer is not in itself ground for his deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 77; Dec. Dig. &#9758;23(2).]

2. ALIENS &#9758;32(8)—CHINESE PERSONS—DEPORTATION.

Where a Chinese person admitted on certificate as a merchant immediately engages in employment as a laborer, that fact has strong retroactive bearing as evidence that he entered with intent to become a laborer.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. &#9758;32(8).]

3. ALIENS &#9758;32(3)—CHINESE PERSONS—DEPORTATION—NOTICE.

Where it is sought to deport a Chinese person who entered as a merchant on the ground that he had later become a laborer, he is entitled, if fraud or misrepresentations in securing his entry are relied on, to be so advised.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. &#9758;32(3).]

4. ALIENS &#9758;32(8)—CHINESE PERSONS—DEPORTATION—SUSPICION.

Appellant, a Chinese person, who entered the United States as a merchant, was arrested on a charge that he was found in the United States in violation of Chinese Exclusion Act May 6, 1882, c. 126, § 6, 22 Stat. 60, as amended by Act July 5, 1884, c. 220, 23 Stat. 116 (Comp. St. 1913, § 4293), as having secured admission under the section but since having become a laborer. When arrested, he was visiting his brother, and assisting in the latter's restaurant business; but there was no showing that he received compensation, and appellant asserted that it was gratuitous, and that he was investigating business opportunities. Held that, while the evidence might raise a suspicion that appellant had entered the country as a merchant intending to become a laborer, such suspicion was not sufficient to warrant his deportation.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. &#9758;32(8).]

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

In the matter of the application of Lui Hip Chin, an alien, for a writ of habeas corpus against Lorenzo T. Plummer, Chinese Immigrant Inspector in Charge at Helena, Montana. From a judgment denying

the writ, applicant appeals.   Reversed, and applicant ordered discharged.

The appellant, a Chinese merchant of Canton, China, entered the United States on September 30, 1915, at the port of San Francisco.   He exhibited to the immigration authorities certain credentials and a draft drawn by a Canton bank on a bank in San Francisco for the sum of $1,000.   He was permitted to land as a merchant, and received the usual certificate of identity. He remained at San Francisco about two months, and then went to Mountain Home, Idaho.   He had been there about two months, when he was arrested upon proceedings which resulted in an order for his deportation.   He thereupon filed in the court below a petition for a writ of habeas corpus, alleging that he had been duly admitted to the United States as a merchant, that the summary hearing which was had before the Chinese immigration inspector was not conducted according to law and the rules and regulations of the Department of Labor of the United States, that the same was unfair and unjust, and that the petitioner had been summarily and arbitrarily deprived of his liberty, that the immigration inspector had grossly abused the discretion vested in him by law and the rules and regulations of the department, and that the evidence at said hearing was incompetent to prove that the petitioner had become a laborer since his arrival in the United States.   From the order of the court below denying a writ, the petitioner brings this appeal.

The warrant on which the appellant was arrested charged him with being a Chinese laborer not in the possession of a certificate of residence, and charged that he was found in the United States in violation of section 6 of the Chinese Exclusion Act of July 5, 1884, "having secured admission under said section, but having become a laborer since admission."   The warrant for deportation found the appellant to be in the United States in violation of law, following precisely the language of the charge in the warrant for arrest.

P. E. Cavaney, of Boise, Idaho, for appellant.

J. L. McClear, U. S. Atty., and John R. Smead, Asst. U. S. Atty., both of Boise, Idaho, for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).   [1, 2] The evidence that the appellant had performed labor in the United States consisted in testimony that he had, while staying in Mountain Home, worked in the restaurant of his brother, whom he was visiting at that place.   He denied that he had received pay for his work, and there was no evidence to the contrary.   He admitted that his brother had sent him money to pay his fare to Mountain Home, but he also testified that he had a $500 interest in Fah Wah Company, Dupont street, San Francisco, and that he was in Idaho "investigating business locations."   The fact that one who has been admitted into the United States as a merchant subsequently becomes a laborer is not in itself ground for his deportation.   In re Yew Bing Hi (D. C.) 128 Fed. 319; United States v. Leo Won Tong (D. C.) 132 Fed. 190; United States v. Foo Duck, 172 Fed. 856, 97 C. C. A. 204; United States v. Hom Lin (D. C.) 214 Fed. 456; Lew Ling Chong v. United States, 222 Fed. 195, 137 C. C. A. 635; United States v. Fong Hong (D. C.) 233 Fed. 168; United States v. Lee You Wing, 211 Fed. 939, 128 C. C. A. 437.   But if one who has been admitted on certificate as a merchant immediately on his arrival proceeds to engage in and continues in employment as a laborer, that fact has a strong retroactive bearing as evidence of the intent with which he came.   Ong Seen v.

Burnett, 232 Fed. 850, 147 C. C. A. 44; United States v. Yong Yew (D. C.) 83 Fed. 832; Chain Chio Fong v. United States, 133 Fed. 154, 66 C. C. A. 220; Cheung Him Nin v. United States, 133 Fed. 391, 66 C. C. A. 453.

[3, 4] There was no charge that the appellant entered the United States with the intention of becoming a laborer, or that he procured his certificate as a merchant by means of fraud or misrepresentation. If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it. Nor is there anything in the record, aside from the service which he rendered to his brother in Idaho, to suggest that he secured admission to the United States fraudulently, or that he was not a bona fide merchant when he entered, except the casual statement, found in the memorandum decision of the court below, that certain evidence in the case "creates a suspicion, to say the least, that the claim that he intended to engage in the mercantile business was a pretension only." But suspicion is not sufficient to justify deportation on the ground that admission was fraudulently obtained: Ong Chew Lung v. Burnett, 232 Fed. 853, 147 C. C. A. 47. The appellant was possessed of a merchant's certificate duly issued. As the Supreme Court observed in Liu Hop Fong v. United States, 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888, the certificate "certainly ought to be entitled to some weight." The court further said:

"While this certificate may be overcome by proper evidence and may not have the effect of a judicial determination, yet being made in conformity to the treaty, and upon it the Chinaman having been duly admitted to a residence in this country, he cannot be deported, as in this case, because of wrongfully entering the United States upon a fraudulent certificate, unless there is some competent evidence to overcome the legal effect of the certificate."

In United States v. Hom Lim (D. C.) 214 Fed. 456, 463, the court, following the decision in the Liu Hop Fong Case, said:

"The decision of his right to enter was presumptively correct, and, unless the United States shows persuasively to the contrary, the mere certificate of admission is sufficient."

In Ex parte Wong Yee Toon (D. C.) 227 Fed. 247, 251, the court said:

"Such a certificate imports at least prima facie verity. It cannot be treated as if it had never existed. Some evidence must be produced to justify the immigrant officials denying to it its usual and appropriate effect."

In Wong Yee Toon v. Stump, 233 Fed. 194, 196, 147 C. C. A. 200, the court said:

"After the certificate is issued, it is our view that the burden is cast upon the government, in case a proceeding is instituted to attack it, to show by testimony which the law recognizes as evidence that it should be annulled before an order for deportation is warranted. * * * It is the privilege of the immigration authorities to prove, if they can, that the certificate is invalid, and that its issue was procured by fraud; but they are not permitted to treat it as a nullity upon mere suspicion and conjecture."

In McDonald v. Siu Tak Sam, 225 Fed. 710, 140 C. C. A. 584, the court said:

"The appellee was regularly admitted on certificate as a Chinese merchant. He had $1,000 on his arrival, and received from China some time later a remittance of an additional $1,000, and at the time of his arrest still had about $1,300 to $1,400. He had continued to seek, and was seeking at the time of his arrest, a place to locate as a merchant. He admitted that he was engaged in ironing some of his own clothing in the laundry of his cousin at Hibbing at the time of his arrest. Accepting the ex parte affidavits of Williams, Mitchell, and Johnson for all that can be claimed for them, they add nothing to his admissions, except that Williams says there was a pile of freshly ironed shirts on the table, where appellee was standing with iron in hand, when he entered the laundry, and that he was dressed as if he were engaged in that sort of work. This evidence falls far short of establishing that appellee was at that time engaged as a laborer, especially so when taken in connection with the other testimony in the case."

In United States v. Yee Quong Yuen, 191 Fed. 28, 111 C. C. A. 500, the court said:

"The worst of his offending was that he worked for his board at a laundry for a few months prior to his arrest, and while he and his father were attempting to find a new business for him. This state of facts, in our opinion, discloses no abandonment of the father's status, or no voluntary adoption of any new status by the son."

A careful consideration of the record, not for the purpose of weighing the evidence, but for the purpose of ascertaining whether the Secretary of Labor had jurisdiction to order the deportation, leads to the conclusion that there is no evidence upon which, as a matter of law, deportation can be based, and that the conclusion that the appellant obtained a merchant's certificate fraudulently rests only upon suspicion and conjecture.

The judgment is reversed, and the cause is remanded, with instructions to discharge the appellant.