Ex parte HOR YUK SANG.

(District Court, D. Massachusetts. February 11, 1918.)

No. 1606.

1. ALIENS ⬮⟿32(8)—CHINESE PERSONS—DEPORTATION—CERTIFICATE.

Where a Chinese person was admitted into the United States as a merchant, receiving a certificate from the immigration authorities in accordance with Chinese Exclusion Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. 1916, § 4293), the certificate, being issued under a statute made pursuant to a treaty cannot be set aside, and deportation ordered, without substantial evidence to overcome its effect.

2. ALIENS ⬮⟿32(9)—CHINESE PERSONS—EXCLUSION—EVIDENCE.

Whether there is any substantial evidence warranting the immigration authorities in setting aside a certificate and deporting a Chinese person, admitted as a merchant under a certificate issued in accordance with Chinese Exclusion Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. 1916, § 4293), is for the courts to determine.

3. HABEAS CORPUS ⬮⟿85(1)—CHINESE PERSONS—FRAUDULENT ADMISSION—EVIDENCE.

On habeas corpus to review an order of deportation against a Chinese person, admitted as a merchant under certificate issued pursuant to Chinese Exclusion Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. 1916, § 4293), evidence *held* insufficient to sustain a finding that the admission was secured through fraud, though such Chinese person was found laboring in a laundry some five months after entrance in the United States.

4. ALIENS ⬮⟿23(2)—CHINESE PERSON—MERCHANT STATUS.

Where a Chinese person, admitted into the United States as a merchant, was a member of the merchant class at that time, the fact that he later may become a laborer does not destroy his right to remain.

Petition by Hor Yuk Sang for writ of habeas corpus to the Commissioner of Immigration of the Port of Boston. Petitioner ordered discharged.

William C. Prout, of Boston, Mass., for petitioner.

MORTON, District Judge. Habeas corpus to the commissioner of immigration at the port of Boston. The writ issued, and the case was heard on the question whether the petitioner is entitled to be discharged from custody. The only evidence was a transcript of the deportation proceedings against him in the Immigration Department. The facts are not seriously in dispute, and are as follows: The petitioner is a Chinese person, who was admitted into this country at the port of New York on March 5, 1917. He then claimed to be a member of the merchant class, and he presented the official papers necessary to entitle him to admission as such. He received from the immigration authorities a certificate in accordance with the provisions of section 6 of the Chinese Act of 1882, as amended. Act May 6, 1882, c. 126, § 6, 22 Stat. 58, 60, as amended by Act July 5, 1884, c.

---

220 (Comp. St. 1916, § 4293). On the 4th day of August following, he was found by a United States immigration inspector working in a Chinese laundry in Providence, R. I. A complaint was made against him under section 19 of the new Immigration Act (Act Feb. 5, 1917, c. 29, 39 Stat. 889) as being an alien unlawfully in the United States, and a warrant was issued by the Secretary of Labor for his arrest, under which he was taken into custody about a month later. He was accorded a hearing by the immigration authorities, which, in its formal aspects, was admittedly fair. The Secretary of Labor found that the petitioner, at the time of his admission, was a laborer, not a merchant, and that the certificate under section 6 had been obtained by fraud. He directed that the certificate be canceled and ordered that the petitioner be deported.

Only two questions have been argued by the petitioner under the present petition: (1) That there was no evidence justifying the cancellation of the certificate or the order of deportation; and (2) that the Secretary acted under an erroneous view of the law.

[1-3] As to (1): The petitioner's story as a whole was coherent and probable, and nothing was suggested in argument as throwing doubt upon his claim to have been properly admitted, except the facts that, within five months after his entry into this country, he was doing laborer's work; that, if his story was true, he had money enough so that it would not have been necessary for him to do such work; and that his certificate from the counsel in Mexico stated that he had been a merchant there for three years, while he himself testified that he had been a merchant there for seven years.

The alleged discrepancy between the petitioner's testimony and the certificate amounts to nothing, because, according to statements of counsel, the certificate itself not being in evidence, it does not purport to state the actual length of time during which the petitioner had been engaged in business in Mexico, but only the length of time during which he had been so engaged to the knowledge of the certifying officer. As to the alleged improbability of the petitioner's testimony concerning the amount of his property, he certainly exhibited $1,200 in a draft and cash to the New York officials. The reason which he gave on his examination in the deportation proceedings for not immediately engaging in mercantile business here, viz. the impossibility of getting goods from China at the present time, is certainly not improbable, and can hardly be considered plainly false on its face. The petitioner was not obliged to remain idle; he had the right to engage in labor to support himself, if he desired to do so. I do not see that the facts as to the petitioner's financial situation and his testimony relating thereto afford any reasonable inference that he entered the country fraudulently.

There remains, then, only the question as to how far the single fact that, five months after his entry into this country as a merchant, the petitioner was found doing manual labor, without any other evidence whatever against him, justifies the inference that his original statements and his present testimony are false, and that the certificate based on his original testimony was fraudulently obtained. The certificate does not have the force and effect of a judgment, but, being

issued under a statute of the United States made in pursuance of a treaty entered into by this country with a foreign power, it is not to be set aside and disregarded without substantial evidence. Liu Hop Fong v. United States, 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888. Whether there was such evidence is for the courts to determine.

"It is settled by numerous decisions that the courts may supervise the action of the executive authorities in these matters, and reverse their ruling when there is no evidence to sustain them." Boyd, J., in Wong Yee Toon v. Stump, 233 F. 194, 198, 147 C. C. A. 200 (C. C. A. 4th Cir.).

"The next question is whether there was evidence to fairly sustain the finding of the Secretary of Commerce and Labor," etc. Pitney, J., in Lewis v. Frick, 233 U. S. 291, 297, 34 Sup. Ct. 488, 491, 58 L. Ed. 967.

"When a Chinaman of an exempt class enters this country, intending to remain, he is not indulging a mere privilege accorded him by us, but he is exercising a right which is guaranteed to him by international treaty and the laws of the United States. He cannot be divested of this right upon a charge of fraud, unsustained by competent and relevant evidence." Boyd, J., in Wong Yee Toon v. Stump, supra.

The case of Lui Hip Chin v. Plummer, 238 Fed. 763, 151 C. C. A. 613 (C. C. A. 9th Cir.), is very similar to the present one. There, as here, the petitioner was admitted as a member of the merchant class. Four months later he was found doing manual labor. On those facts, the immigration tribunals ordered him deported. It was held on habeas corpus proceedings that the evidence did not warrant such action, and that the petitioner was entitled to be discharged.

In this case the petitioner had been longer in the country than Lui Hip Chin, and at a time when conditions were likely to prevent him from engaging in the business of a Chinese merchant. Under all the circumstances, it does not seem to me that the fact that the petitioner, five months after his admission, engaged in manual labor, affords any reasonable proof that he was not a merchant when he entered the country, nor any sufficient ground for canceling and setting aside, as fraudulently obtained, the certificate made after such investigation as was deemed necessary at the time of entry, and in pursuance of our treaty obligations.

[4] As to (2): It is possible that the immigration authorities may have been under the impression that, even though the petitioner was a member of the merchant class at the time of his admission, and therefore entitled to enter the country, he would lose the right to remain here if he subsequently became a laborer, which is not the law.[1] But it is unnecessary to determine whether such error is established with sufficient certainty to warrant this court in interfering with the action of the immigration tribunals on this ground.

I find and rule that the cancellation of the certificate and the order of deportation were unsupported by any sufficient evidence. It does not seem to me that the practice established in the Petkos Case, 214 Fed. 978, 131 C. C. A. 274, applies to a proceeding of this character. The petitioner is entitled to be discharged from custody.

So ordered.

[1] See Lui Hip Chin, 238 Fed. 763, 151 C. C. A. 613; United States v. Fong Hong (D. C.) 233 Fed. 168; Ex parte Lam Pui (D. C.) 217 Fed. 456; In re Yew Bing Hi (D. C.) 128 Fed. 319.