## WONG SHEE v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1925.)

No. 4541.

Aliens ☞32(4)—Mistake as to identity of person arrested held not to invalidate deportation proceedings.

A warrant for arrest of a Chinese person for deportation is not invalidated because through mistake it was issued on a landing certificate describing a different person having the same name, where on a fair hearing defendant was shown to be subject to deportation.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Habeas Corpus. Petition of Wong Shee against John D. Nagle, Commissioner of Immigration at the Port of San Francisco, Cal., for writ of habeas corpus. From a judgment denying the writ, defendant appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from a judgment denying a petition for writ of habeas corpus. The grounds upon which the petition is based are that there was not sufficient evidence to justify the issuance of the warrant of arrest against Wong Shee; that the warrant of deportation was issued without probable cause or sufficient legal evidence to support the charge contained in the warrant of arrest and in the warrant of deportation.

The warrant of deportation issued by the Secretary of Labor states that Wong Shee, alias Chew Wah, had been found practicing prostitution after her entry into the United States, and that she had been found an inmate of a house of prostitution.

The decision of the Board of Review was based upon findings that Wong Shee was admitted at San Francisco as the wife of an American citizen, and that two Chinese women testified positively that they knew Wong Shee, alias Chew Wah, had practiced prostitution at a named place in San Francisco.

The warrant of arrest, issued by the acting Assistant Secretary of Labor under date March 1, 1924, recited that from evidence submitted to him it appeared that Wong Shee, alias Chew Wah, who landed at San Francisco on the steamship Nile on February 21, 1921, had been found in the United States in violation of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼a–4289¼u), for the reason that she was found practicing prostitution and was an inmate of a house of prostitution, and directed that she be taken into custody and granted a hearing to enable her to show cause why she should not be deported. In issuing the warrant, the Assistant Secretary acted upon telegraphic request sent by the immigration authorities in San Francisco. The telegram gave the name of the alien as Wong Shee, alias Chew Wah, and date of her arrival as February 21, 1921. In confirmation of the telegram, the Commissioner at San Francisco forwarded the sworn detailed statements of two Chinese women, who swore they knew the woman under arrest as Chew Wah, and that she had practiced prostitution and had been an inmate of a house of prostitution in San Francisco. But at the hearing it appeared that the landing certificate first forwarded by the officials in San Francisco to the Secretary of Labor described the woman recommended

for arrest as the wife of one Lee Look, whereas the certificate of landing of Wong Shee here involved named her as the wife of Lee Kong. It is evident that the mistake was caused by the fact that two Wong Shees arrived on the same steamer on the same day. However, if there was a fair hearing the mistake referred to cannot be made the ground for invalidating the warrant which was issued upon a certificate of landing and upon affidavits in support of the charge of violation of the immigration laws. Nishimura Ekiu v. United States, 142 U. S. 651, 662, 12 S. Ct. 336, 35 L. Ed. 1146; United States v. Williams, 200 F. 538, 118 C. C. A. 632; Ong Seen v. Burnett, 232 F. 851, 147 C. C. A. 44; Guiney v. Bonham (C. C. A.) 261 F. 582, 8 A. L. R. 1282.

It is unnecessary to set forth the testimony tending to show that the petitioner, Wong Shee, alias Chew Wah, practiced prostitution, and was an inmate of a house of prostitution after her arrival in the United States. It was direct and positive as to time, place, and circumstances. The character of the witnesses, and whether they told the truth, were matters for the consideration of the immigration authorities, and we cannot disturb their conclusions.

We find no ground for reversal of the order denying the petition.

Affirmed.