## Ex parte WOO WAH NING.
### No. 1538.

District Court, W. D. Washington, N. D.
July 16, 1946.

Edward E. Merges, of Seattle, Wash., for petitioner.

J. Charles Dennis, U. S. Atty., by Tom Durham, Asst. U. S. Atty., and John P. Boyd, Chief Adjudications, Immigration and Naturalization Service, all of Seattle, Wash., for respondent.

McCORMICK, District Judge.

It is clear under the record before the court that the real cause for deportation of the Chinese alien Woo Wah Ning stems from his representations upon entry into the United States on June 12, 1923.

The contention of the Government is substantially that such entry was fraudulently made—that Woo Wah Ning obtained admission by intentionally misrepresenting his status as that of a merchant under Article II of the Treaty of Commerce and Navigation with China, dated November 17, 1880, 22 Stat. 826, 827, and that by reason of the initial fraudulent entry a subsequent and last re-entry at Seattle on February 16, 1926, is also vitiated and wholly illegal.

The record before us, which has been read and considered, contains information and material which, in the light of the wide latitude permitted to the Immigration officials of the United States in deportation proceedings, can be regarded as adequate factually to enforce the return of the alien to China.

■ But a deportation order under scrutiny by the court in habeas corpus proceedings must not rest or be determined entirely upon the factual conclusions of the Immigration authorities. Such conclusions may, because of legal requirements ordained to be taken by the Immigration officials at the different stages of the proceedings before them, be ineffectual to warrant deportation as contrary to law or as the denial of a fair hearing in the concrete situation presented.

■ We think that established fundamentals of "due process" were denied to the alien in the crucial preliminary investigations and in later processes wherein the nature of the charges which the alien Chinese was required to answer were not explained to him in language which clearly conveyed the grounds upon which his deportation as required by law was to be ordered. See Sections 150.1(a), (b); 150.2 (a); 150.4(a); 150.6(a), (c) (1), Part 150, Arrest and Deportation Regulations, Department of Justice, 1944.

■ While Section 16 of the Act of February 5, 1917, 8 U.S.C.A. § 152, empowered and authorized the Immigration officers to conduct examinations of aliens under oath to determine the right to enter or remain in the United States and to make written record of their official action, there is nothing in such investiture of authority that removes the necessity by such officers of conforming to established concepts of "due process" in their contacts and interrogatories of the alien.

There is nothing in the record before us that satisfactorily shows that the Chinese-speaking alien, without counsel at the hearing which developed the supporting information and formed the basis of the Warrant of Arrest was told that he was being investigated for fraudulently claiming to be a merchant at his initial entry into the United States.

The disclosure of the Immigration inspector, conveyed to the alien through an interpreter, as the reason for the investigation, was as follows:

"You are advised that I am a United States Immigrant Inspector authorized by law to administer oaths in connection with the enforcement of the Immigration laws. I desire to take a statement from you at this time regarding your right to be and remain in the United States. Any statement you make should be voluntary, and you are warned that such a statement may be used against you. Are you willing to make a statement and answer questions at this time?"

Assuming, arguendo, that the Chinese-speaking alien was not entitled to counsel or to be told of his right to counsel at the primary interrogations, we think that inasmuch as the crux of the deportation proceedings against the alien was the bona fides of his entry as a merchant approximately twenty years previous, that in fairness he should have been told at the outset of the investigations that he would have to meet the charge of a fraudulent entry as a merchant on June 12, 1923 in order to remain in the United States.

It is clear from the record that it was the fraud and misrepresentation of the alien as to his status upon entry that was intended by the Government to be relied upon as the ground of his deportation. Otherwise the presumption of validity that attends the documents presented by the alien upon his entries into the United States has not been overcome. See Exhibits 2, 3, and 4 appended to the Inspector's Record dated February 1, 1943.

But not only is the omission to inform the alien of the real charge against him shown by the "true record," but it indisputably further appears from the Warrant of Arrest in this deportation proceeding which operates in the dual areas of pleading as well as process. This powerful instrument contains no allegation of fraud or any intimation or suggestion that fraud or misrepresentation was intended to be relied upon as the ground of Woo Wah Ning's deportation.

■ We have earlier in this memorandum directed attention to the mandatory and positive requirements of regulations pertaining to "Arrest and Deportation" of aliens in which the necessity of explaining to the alien charges in the Warrant of Arrest in language which will clearly convey to him the nature of the charges which he must answer. Such requirements are not mere formalities; they are jurisdictional, and essential ingredients in the traditional concept of "due process" of law and can not be disregarded or substituted by assumptions. This is particularly true in situations like the one before us where the alien speaks and is spoken to through an interpreter.

Our Circuit Court of Appeals has considered the principles under discussion in *Lui Hip Chin v. Plummer*, 9 Cir., 238 F.

763, and again in Yuen Boo Ming v. United States, 9 Cir., 103 F.2d 355, and in no uncertain terms has stated the rule where deportation of'a Chinese alien is sought by the Government on the ground that his entry was procured by fraud or misrepresentation. In the Lui Hip Chin case the court said [238 F. 765]:

"There was no charge that the appellant entered the United States with the intention of becoming a laborer, or that he procured his certificate as a merchant by means of fraud or misrepresentation. If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it."

The Circuit Court of Appeals of the Sixth Circuit in Lo Hop v. United States, 257 F. 489, 493, in a situation not dissimilar to the instant proceedings, quoted with approval the aforesaid language of Judge Gilbert in the Lui Hip Chin opinion and, in addition, said:

"Now, it is to be remembered that in the instant case the respondent was not advised of any claim on the part of the government that he had effected his entry through fraud or misrepresentation; * * *

"It follows that as respects a Chinese person who has been admitted in apparent compliance with the treaty and acts of Congress as a member of a privileged class, in any proceeding instituted for his deportation on the basis of fraudulent entry seasonable notice of a charge to that effect must be given to him so that he may have fair opportunity to meet it; anything less than this would ignore the prescribed evidential effect of certificates issued and viseed pursuant to the treaty. We therefore agree with Judge Gilbert, who in Lui Hip Chin v. Plummer, supra, when speaking of the absence of a charge that appellant had entered with the intention of becoming a laborer or had procured his certificate as a merchant through fraud or misrepresentation, said: 'If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it.' "

We conclude that by reason of serious and prejudicial errors of law in the deportation proceedings the Chinese alien has not had a fair hearing, and that the Warrant of Deportation herein was issued in excess of jurisdiction and is unenforceable and inoperative. Gegiow v. Uhl, 239 U.S. 3, 36 S.Ct. 2, 60 L.Ed. 114.

The alien is entitled to the writ of habeas corpus and to his discharge from custody with the bond exonerated.