### LUM KIM v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 20, 1915.)

No. 2622.

1. EVIDENCE ⬤⟾333—RECORDS—STATUTORY PROVISIONS.

An instrument, called a birth certificate, which gives the person's name, sex, race, date of birth as August 8, 1880, names of parents, with their place of nativity, occupation of father, residence of parents, and name of midwife, verified by affidavit made 28 years after the birth of the person, and bearing indorsements containing the name of a physician and the recital: "Certificate of Birth [person's name]. Compared. Recorded at request of [physician's name] in book blank of Certificate of Birth," and signed by deputy recorder—is not admissible under Pol. Code Cal. § 3075, enacted in 1872 and remaining in force until 1905, and requiring all physicians and professional midwives to keep a register of the time of each birth in which they assist professionally and section 3077 as amended in 1878 and in force until 1905, requiring all persons registering births to file quarterly with the county recorder a certified copy of the register, or under Act March 18, 1905 (St. 1905, p. 104), replacing the sections, and requiring physicians and midwives assisting at a birth to return in writing

within 5 days thereafter to the county recorder a certificate of registry of birth containing enumerated facts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1247–1257, 1259–1265; Dec. Dig. ⊕⇒333.]

2. ALIENS ⊕⇒32—DEPORTATION OF CHINESE—EVIDENCE—FINDINGS.

A finding of the trial judge who saw the witnesses in a proceeding to deport a Chinese person will not be disturbed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊕⇒32.]

3. ALIENS ⊕⇒32—DEPORTATION OF CHINESE—BURDEN OF PROOF.

A Chinese person has the burden of showing his right to remain in the United States in proceedings to deport him.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊕⇒32.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; William R. Day, Judge.

Proceedings by the United States for the deportation of Lum Kim, a Chinese person. From an order affirming an order of deportation, Lum Kim appeals. Affirmed.

J. J. Sullivan, of Cleveland, Ohio, for appellant.

C. R. Alburn, Asst. U. S. Atty., of Cleveland, Ohio, for appellee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

WARRINGTON, Circuit Judge. Lum Kim was arrested in Cleveland, Ohio, March 5, 1913, upon a warrant charging him with being "a Chinese person and of Chinese descent," and "unlawfully in the United States, * * * and not lawfully entitled to remain therein." Upon his appearance with counsel before a United States commissioner, admission was made that defendant is "a Chinaman and of Chinese descent," and, no other evidence being presented by either side, defendant was ordered to be deported to the republic of China. The cause was appealed to the District Court and there tried upon adverse testimony and exhibits, and the order of the commissioner was affirmed. Defendant appeals.

[1] At the trial in the District Court admission was again made that defendant is "a Chinaman," and the defendant then, by way of defense, assumed the burden of showing that he is a native-born citizen of the United States. He testified that he was 33 years old and a laundryman; that he was born at Cortland, Cal., and, at the age of 7 or 8 years, was taken by an uncle to St. Louis, where he remained some 23 years, living with the uncle and working for him in a laundry part of the time; and that 2 years before the trial he removed to Cleveland and worked there in a restaurant. It appears that his parents and the uncle mentioned returned to China and died before the trial. The evidence here is similar in material parts to evidence relied on by defendant in Ng You Nuey v. United States (decided by this court June 8, 1915), and to the extent of such analogy the decision in that case must

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule this one. Indeed, in view of this correspondence in facts, it will be necessary specifically to pass upon only one additional matter here. An instrument, called a birth certificate, was received in evidence in the instant case. It in terms gives defendant's name, sex, race, date of birth, names of parents, with their place of nativity (China), occupation of father, residence of the parents (Cortland, Sacramento), and name of midwife. The paper appears to have been subscribed and sworn to by one Wang Long Bong before a notary public in the city and county of San Francisco. The affiant states that he is a merchant residing in San Francisco, that he knows the contents of the "foregoing certificate," and that he is acquainted with defendant and also was with defendant's parents in their lifetime. The record contains two copies of the instrument, and one of them is accompanied by a photograph, which the affiant states to be that of defendant. The date of defendant's birth as there given is August 8, 1880, but the affidavit was not made until July 10, 1908. The instrument bears indorsements in substance as follows:

"4841.80. Dr. Thos. Y. Kimlan, 649 Kearney St., S. F. Indexed. Certificate of Birth Lum Kim. Compared. Recorded at request of Thos. Y. Kimlan, July 11, 1908 * * * in book blank of Certificate of Birth, page 223, Sacramento county records. C. A. Root, Recorder; C. J. Chenn, Deputy."

Section 3075 of the Political Code of California, enacted in 1872 (1 Deering Ann. Code and Statutes), and continued in force until 1905 (1 Kerr Cyc. of Cal.), provided:

"All physicians and professional midwives must keep a registry of the time of each birth at which they assist professionally, the sex, race, and color of the child, and the names and residence of the parents."

Section 3077, as amended in 1878 (1 Deering, Ann. Code and Statutes), and continued until 1905 (1 Kerr, Cyc. of Cal.), provided among other things:

"All persons registering * * * births * * * must quarterly file with the county recorder a certified copy of their register. * * * " [1]

The instrument in question does not purport to be a certified copy, nor even a copy, of anything theretofore registered and filed, in accordance with the requirements of the statutory provisions which were in existence at the date of defendant's birth and continued in force for almost 25 years thereafter. These provisions, it is true, were re-

[1] It is to be observed that on March 18, 1905, the provisions of these two sections were in effect replaced by amendment of section 3077 (Stat. and Amend'ts of Codes of Cal., Sess. 1905, or 1 Kerr, Cyc.), which provides: "Physicians, midwives * * * assisting at a birth shall return in writing within five days thereafter to the county recorder of the county where such birth takes place in such form as may be prescribed by the state registrar a certificate of registry of such birth which shall contain among other matters, the time and place of such birth, name, sex, race. * * * In case there shall be no physician, midwife, or nurse attending at such birth, then it shall be the duty of the parents of any child born in this state (and if there be no parent alive, then the next of kin of said child) within ten days after such birth to report in writing to the recorder of the county * * * where such birth takes place, * * * the date, place and residence, name, sex, * * * " etc. (St. 1905, p. 104.)

placed in 1905, but by even more drastic requirements, which are still in force, as to registration. According to the instrument defendant was born in Sacramento county, August 8, 1880, and yet this paper was executed in the city and county of San Francisco and filed with the recorder of Sacramento county 28 years after the birth. Defendant testifies that his uncle forwarded the paper to Wang Long Bong "for his signature," and that the paper was obtained when defendant was contemplating a trip to China. It is fairly to be inferred from the record that Wang Long Bong and the defendant had never met, and that neither had ever seen the other; it was therefore impossible for Bong to identify the photograph of defendant. No explanation is given for the presence of the name of the physician, which appears twice among the indorsements upon the paper. The name alone of a midwife is shown in the portion of the certificate where that of the physician should appear, if in truth he was present at the birth of defendant. We agree with the ruling made in Lee Yuen Sue v. United States, 146 Fed. 670, 671, 77 C. C. A. 96, 97 (C. C. A. 9th Cir.), where it was said in passing upon the validity of a similar instrument:

"This paper was not legal evidence. It was not prepared as required by law * * * and was of no force whatever as a legal document."

[2, 3] Counsel for defendant calls attention to the fact that at one stage of the hearing below the learned trial judge thought the defendant had made a prima facie defense. The opinion shows, however, that upon further consideration the judge became convinced that the evidence failed to sustain the defense. He was possessed of experience in this class of cases, he saw and heard the witnesses, and we should hesitate to disturb his conclusion, since it depended largely upon the credibility of defendant. We may add that we have examined the record and briefs attentively and, upon all the considerations mentioned, have become convinced that the defendant has not sustained the burden which rested upon him of showing that he is a native-born citizen of the United States.

The order is accordingly affirmed.