## LEW LOY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 6, 1917. On Motion for Rehearing, June 30, 1917.)

### No. 2878.

1. ALIENS ⟷23(2)—CHINESE PERSONS—RIGHT TO REMAIN.
   That one, who lawfully entered as the minor son of a Chinese merchant, has since become a laborer, is not enough of itself to destroy his right to remain; the general Immigration Act (Act Feb. 20, 1907, c. 1134, 34 Stat. 898) not forbidding the residence of Chinese laborers.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 77; Dec. Dig. ⟷23(2).]

2. ALIENS ⟷25—CHINESE PERSONS—SON OF MERCHANT—RIGHT TO ENTER.
   A Chinese person having less than a year of minority remaining may, notwithstanding the fact, enter as the minor son of a Chinese merchant domiciled in the United States.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 79–82; Dec. Dig. ⟷25.]

3. ALIENS ⟷32(5)—CHINESE PERSONS—RIGHT TO ENTER UNITED STATES.
   Under Chinese Exclusion Act May 5, 1892, c. 60, § 3, 27 Stat. 25 (Comp. St. 1916, § 4317), a Chinese person, whose right to remain is challenged, has the burden of establishing such right to the satisfaction of the court.
   [Ed. Note.—For other cases, see Aliens, Dec. Dig. ⟷32(5).]

4. ALIENS ⟷32(8)—ADMISSION—CHINESE PERSONS.
   While the certificate of admission issued to a Chinese person, who entered the United States as a merchant and the minor son of a merchant domiciled therein, is prima facie evidence of his right to remain, the government may show that his entry was not for the purpose of conserving the family relation and following the occupation of a merchant, but that the Chinese person entered fraudulently, with the intent of immediately becoming a laborer.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec Dig. ⟷32(8).]

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **ALIENS** &#9750;32(8)—CHINESE PERSONS—EVIDENCE.

That a Chinese person, securing admission as a merchant and as the minor son of a merchant, immediately becomes and continues as a laborer, is strong evidence tending to show that he entered to become a laborer.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. &#9750; 32(8).]

6. **ALIENS** &#9750;32(12)—DEPORTATION PROCEEDINGS—REVIEW—FINDING.

The conclusion of the District Court in a Chinese exclusion case is entitled to great weight, as is any other finding of fact of the trial court in an equity case, particularly where much of the testimony was taken in the presence of the judges, even though the rule that the finding of the commissioner, approved by the District Court, will be reconsidered on appeal only when it is clear an incorrect conclusion has been reached, did not apply; the record disclosing no finding by the commissioner.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. &#9750;32(12).]

7. **ALIENS** &#9750;32(8)—CHINESE PERSONS—EXCLUSION—EVIDENCE.

In a proceeding for the deportation of a Chinese person, who entered as a merchant and the minor son of a merchant, evidence *held* to warrant finding that his entry was fraudulent, and that he entered to become a laborer.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. &#9750; 32(8).]

On Motion for Rehearing.

8. **ALIENS** &#9750;32(12)—PROCEEDINGS FOR DEPORTATION OF CHINESE—ISSUES.

A Chinese person, arrested for being unlawfully in the country, is entitled to be informed of the exact charge against him, and where the attorney for the government stated at the opening of a hearing that no claim of illegal entry was made, and in consequence defendant's attorney introduced no evidence on that question, and the only issue tried was whether defendant had, after entry, lost his status as a merchant by becoming a laborer, an order of deportation cannot be sustained on the ground of a fraudulent entry.

Appeal from the District Court of the United States for the Northern District of Ohio; John H. Clarke, Judge.

Proceeding by the United States against Lew Loy. From a judgment of deportation, defendant appeals. Reversed.

L. C. Spieth, of Cleveland, Ohio, for appellant.

Joseph C. Breitenstein, Asst. U. S. Atty., of Cleveland, Ohio.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

KNAPPEN, Circuit Judge. Appeal from a judgment of deportation. Appellant is a person of Chinese parentage, and was born in China. He was admitted to the United States, through the port of San Francisco, October 15, 1910, as the "minor son of Lew Fook Shing," who then was and still is a merchant at San Francisco, dealing in Chinese and Japanese goods. Appellant's certificate of identity gives his age as 20 years, and his occupation that of "merchant, Fook Woh & Co.," doubtless meaning "Fook Wo & Co.," the firm with which the father was connected. Appellant was arrested April 30, 1914, at Cleveland, Ohio, under section 13 of the Chinese Exclusion Act of 1888 (Act Sept. 13, 1888, c. 1015, 25 Stat. 479 [Comp. St. 1916, § 4313]),

as a Chinese person unlawfully within the United States. The commissioner found him to be a laborer, and ordered his deportation. On appeal to the District Court full hearing was had de novo, and the commissioner's order of deportation affirmed. Judge (now Mr. Justice) Clarke, who heard the case, was of opinion that while appellant was eligible to admission under the treaty between the United States and China as the minor son of a Chinese merchant lawfully domiciled here, yet that he was "admitted only nominally" as such, and did not fall within the scope of the principle recognized by the rulings of the courts which (in the interest of the family relation) have construed the section as permitting the entry of a Chinese merchant's wife and minor children,[1] and that appellant "really entered the United States as a laborer" in violation of law.

[1, 2] That appellant was, when arrested, a laborer, is persuasively established by the evidence. But we have twice held, in accordance with what we deemed the better authority, that the fact that one who lawfully entered as the minor son of a merchant has since become a laborer is not enough to destroy his right to remain. Lew Ling Chong v. United States, supra; Lam Fung Yen v. Frick, supra. The case does not fall within the principle of Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, where a Chinese woman, who had lawfully entered as the wife of a citizen of the United States, was held deportable under the general Immigration Act as an alien found as an inmate of a house of prostitution. The general Immigration Act does not forbid the residence of Chinese laborers. Nor do we think the rule under which the minor son of a Chinese merchant is admitted necessarily inapplicable in principle to one who has less than a year of minority remaining. We think no arbitrary line of demarcation, depending on time alone, can properly be drawn. If, then, appellant is deportable, it can only be because his entry was not in good faith in the interest of the relation stated, and for the purpose claimed, but was in bad faith, and in reality as, or for the purpose of immediately becoming, a laborer, in evasion of the Exclusion Act.

[3-5] By section 3 of the act of May 5, 1892, c. 60, 27 Stat. 25 (Comp. St. 1916, § 4317) the burden was on appellant to show, to the satisfaction of the court, his right to remain. Chin Bak Kan v. United States, 186 U. S. 193, 200, 22 Sup. Ct. 891, 46 L. Ed. 1121; Lum Kim v. United States (C. C. A. 6) 225 Fed. 31, 34, 140 C. C. A. 357. His certificate of admission was prima facie evidence of such right; but we think it was nevertheless open to the government to show that the entry was in fact not for the purpose of conserving the family relation, and following the occupation of a merchant, but for the purpose of immediately becoming a laborer, and thus in evasion of the Exclusion Act, and that the court, if so satisfied, is justified in holding that the entry was in violation of the statute, and the one so entering thus unlawfully here. We also think that the fact that a Chi-

---

[1] United States v. Mrs. Gue Lim, 176 U. S. 459, 20 Sup. Ct. 415, 44 L. Ed. 544; Lew Ling Chong v. United States (C. C. A. 6) 222 Fed. 195, 199, 137 C. C. A. 635; Lam Fung Yen v. Frick (C. C. A. 6) 233 Fed. 393, 395, 147 C. C. A. 329.

nese person, so securing admission as a merchant and as the son of a merchant, is 20 years of age, and immediately becomes and continues as a laborer, is strong evidence tending to show that he came into the United States as a laborer. These propositions are directly sustained by United States v. Foo Duck (C. C. A. 9) 172 Fed. 856, 858, 97 C. C. A. 204.

[6] The important question is whether there is persuasive evidence that appellant's entry was with such evasive purpose. The trial judge was impressed with the completeness of the showing of appellant's entire separation from his father, and of the fact that appellant had been from the time of his arrival in the country "very certainly a common laborer." As already said, the judge found that appellant "really entered the United States as a laborer, and that his coming was in violation of the statutes of this government." This conclusion is entitled to great weight, especially as most of the testimony was taken in the presence of the judge. Lum Kim v. United States, supra. It does not appear whether the commissioner found that appellant entered the country in evasion of the act; and the case is thus not within the rule that the findings of the commissioner and District Judge will be reconsidered only when it is clear an incorrect conclusion has been reached. Chin Bak Kan v. United States, supra; Tom Hong v. United States, 193 U. S. 517, 522, 24 Sup. Ct. 517, 48 L. Ed. 772. But the case does fall within the rule applied by this court to equity hearings generally, that the conclusion of the trial judge, who saw and heard the witnesses, will be accepted, unless the evidence is found to preponderate decidedly against such conclusion.[2] The evidence does not so preponderate.

[7] Appellant has not attended school since he entered the United States. He admitted that he had never been engaged as a merchant since he came here, and had done no traveling; that he came from Oakland, Cal., directly to Cleveland, and had lived ever since (about three years) at a laundry there; and there was express and apparently credible testimony that he was actively doing laundry work for several months before the trial in the District Court. He testified before the inspector that he had been with his father at Oakland but about "one or two months" before going to Cleveland. True, he testified in the District Court that he stayed in San Francisco "about two months to learn business" before going to Cleveland; that he had earned no money in Cleveland; that at the laundry his only work was helping with the cooking and sweeping; that he spent a great deal of his time looking for a location in which to open a store; that he brought with him to Cleveland $200, which his father had given him, and that the latter sent him $80 or $90 a year while at Cleveland. But the court was not bound to believe appellant. The father testified, by deposition, that he sent appellant $80 or $90 during all the time appellant was in Cleveland, and said nothing whatever about giving him $200 before he left California. Appellant's testimony as to his stay in San Francisco is not corroborated. Both the inspector and the trial judge

---

[2] City of Cleveland v. Chisholm, 90 Fed. 431, 434, 33 C. C. A. 157; Monongahela, etc., Co. v. Schinnerer, 196 Fed. 375, 379, 117 C. C. A. 193; Pugh v. Snodgrass, 209 Fed. 325, 326, 126 C. C. A. 251.

found appellant's hands heavily calloused, as of a man engaged in hard manual labor. The trial judge was justified in characterizing appellant's testimony as "unsatisfactory and evasive," and in saying that "the story that defendant has spent three or four years in idleness in a laundry in Cleveland, spending his time in searching for a place to engage in business, is too improbable to be accepted by any court."

The trial judge was, in our opinion, justified in concluding that appellant entered for the purpose of becoming a laborer. The preservation of the family relation seems to have cut but little, if any, figure; appellant lived with his father but a few months at the most, then locating at a point more than 2,000 miles distant. Indeed, while the record does not affirmatively show whether or not appellant's mother is still living, and, if so, where she is, the inference that she was and is still living in China is at least as natural as any other (so far as inference can be indulged from the testimony). The date of appellant's birth does not appear; there is nothing to show whether, when entering, he was nearer 20 than 21 years of age. But the circumstances, all combined, tend strongly to sustain the conclusion that the entry was in evasion of the act which forbids the entry of a Chinese laborer.

These conclusions must result in affirming the judgment, unless the court was precluded by what occurred on the trial from considering the fact of fraudulent or evasive entry. At the opening of the trial appellant's attorney said that he did not understand that the charge of fraudulent entry was in the case, and asked whether the government claimed that appellant "has lost his right to remain in this country because he may have performed some labor after he was permitted to and came into this country as the minor son of a Chinese merchant." The government's attorney replied that probably appellant "had a valid status when he came in; that probably is true, yet the fact that he so soon after his arrival in this country became a laborer, and has followed the work of a laborer ever since, renders him subject to deportation, inasmuch as his status is changed"; and later, "The government simply states this: That the certificate of identification which was issued to this man was issued in the regular way and manner, and that this certificate was in his possession at the time he was arrested, but that since the time he entered the United States he has become a laborer, performed labor almost continuously at a laundry, and he thereby forfeits his right to remain, and is subject to deportation"; and the judge said, in reply to a question of appellant's counsel, that he understood there was no charge that the entry was fraudulent. As the judgment of deportation can be sustained only upon a finding that the entry was fraudulent in the sense that appellant entered only nominally in the relation stated, but really for the purpose of becoming a laborer in evasion of the statute, it would be our duty to award a new trial, if the disclaimer made on the part of the government has prejudiced the defense.

It is possible that the attorney for the government had not then seen our opinion in the Lew Ling Chong Case, which, though announced before, was first published after, the trial below, and apparently was then contending that the change of status was enough to make the appellant deportable. But we find in the record no suggestion that appellant has

been in fact prejudiced by the government's disclaimer. The assignment of errors ignores that subject. Counsel have not suggested that the defense has been curtailed because of the disclaimer. On the other hand, appellant seems, so far as concerns the allegation of fraud, to rely here upon the proposition, as stated in the original brief of his counsel, that "his entry must have been secured by trick or deceit, and the only trick or deceit available to one seeking to enter as the minor son of a merchant is to falsely claim relationship as son of a resident Chinese merchant." Substantially the same proposition is found in the supplemental brief of appellant's counsel. The government's disclaimer may not unfairly be construed as meaning that appellant's sonship to a Chinese merchant domiciled here, and his eligibility as such to enter, were not questioned.

But we cannot assent to the proposition that, because appellant was eligible to enter as the minor son of a Chinese merchant in the interest of the family relation, he is not deportable, although he entered in reality as a laborer and for such purpose. Appellant's course of life since and before entering the United States seems to have been pretty fully gone into, and it seems fairly clear that appellant has not been prejudiced by the disclaimer made.

The judgment of deportation is accordingly affirmed.

### On Motion for Rehearing.

PER CURIAM. [8] By petition for rehearing, appellant challenges the correctness of the conclusion, drawn from the record and announced in our former opinion, that appellant was not prejudiced in his defense by the disclaimer of charge of fraudulent entry which the government's counsel made on the trial. Reargument has been had on this point.

Appellant's counsel urges that as, under the issue stated on the trial, appellant's deportation was asked on the sole ground that by becoming a laborer he forfeited his right to remain in this country, testimony concerning appellant's family relations, and otherwise tending to show that he entered for the purpose of becoming a laborer, was immaterial, and that certain testimony presented was for that reason not objected to; that the case was tried on appellant's part in reliance upon the disclaimer and upon the incorrectness of the proposition relied on by the government as ground for deportation. Counsel assure us that, had not the issue of fraudulent entry been disclaimed, appellant could and would have presented (and if granted a retrial expects to present) competent and material evidence tending to rebut the charge of fraudulent entry, and eliminating certain considerations referred to in our opinion as tending to show an entry of that character—including, not only the deposition of appellant's father, which it is claimed would show that appellant had not, by leaving California, severed his family ties, but also other testimony tending to show good-faith entry. (It is said that appellant was not represented in the taking of his father's deposition, and that the latter was so taken by the government for the purpose of satisfying the district attorney that he might properly stipulate that appellant was the minor son of the de-

ponent, and that appellant did not see his father's testimony until the day of the trial below.)

Assuming, as we must, that the assurance of counsel is given in good faith, we are constrained to grant appellant a new trial; for, had fraudulent entry been charged, appellant would have been entitled to be so advised (Lui Hip Chin v. Plummer, 238 Fed. 763, —— C. C. A. ——), and so would prima facie be prejudiced by an order of deportation based solely on a ground not only not charged, but disclaimed.

The order of the District Court is reversed, and the record remanded to that court, with directions to award appellant a new trial.