## WONG SUN FAY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 14, 1926.)

No. 4773.

1. Aliens ⧉23(2)—Warrants of arrest and deportation, reciting that Chinese alien, after being admitted on merchant's certificate, became laborer, held not to allege sufficient ground for deportation (Immigration Act Feb. 5, 1917, § 3 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]; Chinese Exclusion Act May 6, 1882, § 6, as amended by Act July 5, 1884 [Comp. St. § 4293]).

Warrant of arrest and subsequent warrant of deportation, reciting that Chinese alien was found within United States in violation of Chinese Exclusion Act May 6, 1882, § 6, as amended by Act July 5, 1884 (Comp. St. § 4293), having secured admission on certificate under such section, but having since become a laborer, held not to state sufficient grounds for deportation; Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), being inapplicable.

2. Aliens ⧉32(3).

Chinese person could not be deported, as having entered under fraudulent certificate, when no such charge was contained in warrant of arrest, or otherwise made known to defendant.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Application by Wong Sun Fay for writ of habeas corpus against the United States. From an order denying the application, petitioner appeals. Reversed and remanded, with directions.

S. C. Ford and Freeman, Thelen & Frary, all of Great Falls, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., and Francis A. Silver, Asst. U. S. Atty., of Butte, Mont.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying an application for a writ of habeas corpus.

The appellant entered the United States at Seattle, Wash., on June 16, 1923, and was admitted on a section 6 merchants' certificate. After his admission he proceeded to Helena, Mont., and acquired an interest in a Chinese store, where he remained for about four months. He then went to Chinook, Mont., to take over a laundry owned by the firm of which he was a member. He conducted the laundry until the same was sold about a year later, performing all manual labor himself. After the sale he remained for a few days to instruct the purchaser in the business, and was arrested at Havre, while returning to Helena, upon a telegraphic warrant from the Assistant Secretary of Labor. The warrant recited that the appellant was found "within the United States in violation of section 6, Chinese Exclusion Act of July 5, 1884 [Comp. St. § 4293], having secured admission on a certificate issued under said section, but having become a laborer since admission as merchant."

Appellant was accorded a hearing before an immigrant inspector, and upon such hearing the inspector found that the charges contained in the warrant of arrest were sustained by the evidence, and recommended deportation. An appeal to the Secretary of Labor was dismissed, and a final warrant of deportation issued, containing the same recitals as the telegraphic warrant.

"That a Chinese lawfully entering this country can lawfully change his vocation, and can labor of right and not of privilege granted by some immigration officer, and that without incurring the penalty of deportation by executive orders or otherwise, is the rule of 20 years' unbroken current of authority, from United States v. Sing Lee (D. C.) 71 F. 680, to Ex parte Lew Lin Shew (D. C.) 217 F. 317." In re Tam Chung (D. C.) 223 F. 801.

"The rule is that, where a Chinese person has been regularly admitted, for instance, as a merchant, the fact that he subsequently becomes a laborer does not of itself destroy his right to remain; such a fact is important only as it may tend to show that in reality he entered as a laborer, or for the purpose of immediately becoming a laborer, and so procured his admission through fraud and in violation of the Exclusion Acts." Lo Hop v. United States, 257 F. 489, 168 C. C. A. 493.

See, also, In re Yew Bing Hi (D. C.) 128 F. 319; Lui Hip Chin v. Plummer, 238 F. 763, 151 C. C. A. 613; Lew Loy v. United States, 242 F. 405, 155 C. C. A. 181; Moy King Chiu v. United States, 246 F. 94, 158 C. C. A. 320.

[1, 2] It would seem manifest, therefore, that no sufficient ground for deportation is stated in either warrant; and if it be claimed that deportation was ordered, not because the appellant had become a laborer, but because of his unlawful entry under a fraudulent certificate, it is a sufficient answer to say that no such charge was contained in the warrant of arrest, or otherwise made known to the appellant.

"It follows that, as respects a Chinese person who has been admitted in apparent compliance with the treaty and acts of Congress as a member of a privileged class, in any proceeding instituted for his deportation on the basis of fraudulent entry, seasonable notice of a charge to that effect must be given to him, so that he may have fair opportunity to meet it; anything less than this would ignore the prescribed evidential effect of certificates issued and viséed pursuant to the treaty. We therefore agree with Judge Gilbert, who in Lui Hip Chin v. Plummer, supra, when speaking of the absence of a charge that appellant had entered with the intention of becoming a laborer, or had procured his certificate as a merchant through fraud or misrepresentation, said: 'If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it.'" Lo Hop v. United States, supra.

If, therefore, the appellant was ordered deported for the reason stated in the two warrants, the deportation was unauthorized, and if ordered deported for some other reason, of which he was not advised, the hearing was manifestly unfair.

Our attention is directed to the provision of section 3 of the Immigration Act of February 5, 1917 (39 Stat. 876 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b]), that certain aliens "who fail to maintain in the United States a status or occupation placing them within the excepted classes shall be deemed to be in the United States contrary to law, and shall be subject to deportation as provided in section nineteen of this act." An examination of that section will show, however, that the provision relied on relates only to the natives of certain islands, not possessed by the United States, adjacent to the continent of Asia, and has no reference to aliens admitted under existing treaties.

For these reasons, the judgment of the court below is reversed, and the cause is remanded, with instructions to discharge the appellant.