**CHANG CHOW v. UNITED STATES.**
No. 6437.

Circuit Court of Appeals, Ninth Circuit.
Feb. 6, 1933.

E. J. Botts, of Honolulu, Hawaii, for appellant.

Sanford B. D. Wood, U. S. Atty., and John Albert Matthewman, Asst. U. S. Atty.,

both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

SAWTELLE, Circuit Judge.

This is an appeal from an order directing the deportation of appellant, Chang Chow, alias Chang Sau Mung, who claims to have been born in Hawaii, where he is now domiciled. The proceeding was instituted February 6, 1930, in the District Court, by an immigration inspector, who in a verified complaint charged that appellant "is a person of Chinese descent and a Chinese laborer within the United States and within the jurisdiction of the United States District Court of the Territory of Hawaii, without the Certificate of Residence required by the Act of Congress * * * and * * * is not lawfully entitled to be or remain in the United States."

Appellant was admitted to the territory of Hawaii late in the year 1922, after a full hearing before a board of special inquiry which unanimously determined that he was entitled to admission by reason of Hawaiian birth. Subsequently, on February 1, 1923, and based on this determination, he was regularly issued a certificate of identity. February 5, 1930, he was taken in custody by an immigration inspector, and by him subjected to an examination concerning his right to be in the United States. The following day this immigration inspector appeared before a judge of the District Court of the territory and swore to the above-mentioned complaint for deportation.

At the trial in the District Court the Chinese interpreter who was present during the preliminary examination of appellant on February 5, 1930, testified for the government that appellant stated at that time that he had no certificate of residence, and that he was a person of Chinese descent, and thereupon the government rested. Appellant did not deny his Chinese descent, but offered in evidence a certificate of identity previously and admittedly issued to him, and made a motion to dismiss the complaint on the ground that appellant had shown his prima facie right to be and remain in the United States. Lum Man Shing v. United States (C. C. A.) 29 F.(2d) 500. This motion was denied. The government in rebuttal was permitted, over the objection of appellant, to introduce evidence tending to show fraud on the part of appellant in obtaining the certificate

in question. The record of the hearing before the board of special inquiry in 1922, the outgoing passenger manifest of the vessel mentioned in the certificate of identity, and appellant's 1930 preliminary statement, which formed the basis for the complaint here in controversy, were admitted in evidence, it being the contention of the government that appellant's testimony as embodied in the 1930 statement differed materially from his testimony given before the board in 1922, particularly in matters of personal and family history, and that thus a strong inference was raised that appellant testified falsely in 1922. The District Court held that appellant obtained his admission by fraud, and ordered that he be deported.

The record thus presents the question: May the government introduce evidence tending to show fraud in the securing by appellant of his certificate of identity, in the absence of any allegation or charge of fraud in the complaint, and over the objection of appellant? We think the question must be answered in the negative.

In Lui Hip Chin v. Plummer (C. C. A.) 238 F. 763, 765, appellant was charged with being a Chinese laborer not in possession of a certificate of residence and in the United States in violation of law, and was ordered deported. On appeal, this court, speaking through Judge Gilbert, said: "There was no charge that the appellant entered the United States with the intention of becoming a laborer, or that he procured his certificate as a merchant by means of fraud or misrepresentation. If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it."

Similarly, in Lo Hop v. United States (C. C. A. 6), 257 F. 489, 493, the appellant, a Chinese person, was admitted as a merchant and given a certificate of identity. Later deportation proceedings were instituted against him on the ground that he really entered as a laborer and not as a merchant. He was ordered deported. The court, after discussing the weight to be given to a certificate of identity duly issued, said:

"Now, it is to be remembered that in the instant case the respondent was not advised of any claim on the part of the government that he had effected his entry through fraud or misrepresentation; this is true of the affidavit under which he was arrested, and, so far as appears, of the proceedings had before the commissioner. * * *

"It follows that as respects a Chinese person who has been admitted in apparent com-

pliance with the treaty and acts of Congress as a member of a privileged class, in any proceeding instituted for his deportation on the basis of fraudulent entry seasonable notice of a charge to that effect must be given to him so that he may have fair opportunity to meet it; anything less than this would ignore the prescribed evidential effect of certificates issued and viseed pursuant to the treaty. We therefore agree with Judge Gilbert, who in Lui Hip Chin v. Plummer, supra, when speaking of the absence of a charge that appellant had entered with the intention of becoming a laborer or had procured his certificate as a merchant through fraud or misrepresentation said (238 F. 765, 151 C. C. A. 615): 'If such fraud or misrepresentation was intended to be relied upon as the ground of his deportation, he was entitled to be advised of it.' Lew Loy Case, supra, 242 F. 405, 411, 155 C. C. A. 181."

The foregoing authorities were cited with approval by this court in Wong Sun Fay v. United States, 13 F.(2d) 67, 68, where Judge Rudkin, speaking for the court, said: "It would seem manifest, therefore, that no sufficient ground for deportation is stated in either warrant; and if it be claimed that deportation was ordered, not because the appellant had become a laborer, but because of his unlawful entry under a fraudulent certificate, it is a sufficient answer to say that no such charge was contained in the warrant of arrest, or otherwise made known to the appellant."

It is obvious, therefore, that, in view of the absence of any allegation of fraud in the complaint, the court erred in admitting such evidence in the face of timely objection on the part of appellant.

We have treated this record as properly here on appeal. In doing so, however, we do not thereby approve of the form or manner in which the record has been authenticated and it is not to serve as a precedent in similar cases in the future.

Reversed.