## YIM KIM LAU v. UNITED STATES.

### No. 6487.

Circuit Court of Appeals, Ninth Circuit.

Feb. 6, 1933.

E. J. Botts, of Honolulu, Hawaii, for appellant.

Sanford B. D. Wood, U. S. Atty., and John Albert Matthewman, Asst. U. S. Atty., both of Honolulu, Hawaii, and George J. Hatfield, U. S. Atty., and I. M. Peckham, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

## PER CURIAM.

The judgment appealed from was one directing that the appellant be deported from the territory of Hawaii, as a Chinese person not entitled to be or remain therein.

The complaint upon which the proceeding before the District Judge was had, alleged that appellant was without a certificate of residence as required to be issued under the Chinese Exclusion Act (see 8 USCA § 282 et seq.). Appellant was a person of Chinese descent. In the year 1923 he arrived from China and applied for admission at the Port of Honolulu, claiming to be the Hawaiian-born son of Yim Yong Yet. A Board of Special Inquiry, after hearing, had determined that he was entitled to be admitted and issued to him a certificate of identity. In July, 1930, appellant was called before inspectors of the Immigration Service. The certificate of identity which he possessed was then taken from him and it was recommended to the Immigration Department that that certificate be canceled as having been procured through fraud. The complaint upon which the deportation judgment was later made was filed on the 28th day of July, 1930. The Commissioner of Immigration on August 19, 1930, made his order canceling the cer-

tificate referred to. There was no charge in the complaint as filed against the alleged alien that he had obtained the certificate of identity by fraudulent means, but the court allowed the government to introduce testimony for the purpose of establishing the claimed fact. This testimony was objected to as not being within the issues made. The case as to the facts and the law applicable is substantially the same as that of Chang Chow, alias Chang Sau Mung v. United States of America, 63 F.(2d) 375, decided by this court on February 6, 1933. It is there held, following the Lui Hip Chin v. Plummer Case (C. C. A.) 238 F. 763, that where the charge made under the Chinese Exclusion Act does not include allegations of fraud or misrepresentation in the procuring of a certificate of identity, evidence of such fraud or misrepresentation cannot be admitted against the Chinese person.

The decision in the Chang Chow Case is controlling here.

The judgment is reversed.